**RASTELLI BROTHERS, INC., Plaintiff,**

v.

**NETHERLANDS INSURANCE COMPANY T/A PEERLESS INSURANCE, Defendant.**

No. CIV. 98–2526(JBS).

United States District Court, D. New Jersey.

Aug. 2, 1999.

Angelo J. Falciani, Woodbury, NJ, Harry P. Begier, Jr., Philadelphia, PA, for Plaintiff.

Joel N. Werbal, Methfessel & Werbel, Rahway, NJ, for Defendant.

## OPINION

SIMANDLE, District Judge.

This Opinion concerns plaintiff's motion, pursuant to Fed.R.Civ.P. 59(e) to alter and amend this Court's Opinion and Order of June 28, 1999 (entered on the docket on June 29, 1999), in which this Court denied the plaintiff's motion for summary judgment and granted the defendant's cross-motion for summary judgment. For the reasons stated herein, plaintiff's motion, which is essentially a motion for reconsideration, will be denied.

The facts of this case are set out in this Court's June 28th Opinion. Essentially, a fire occurred at plaintiff's warehouse, which was insured by defendant. Plaintiff relocated to another site which it had purchased prior to the fire but allegedly had not planned to occupy for another two years, until the entire process of seeking permits would be completed. Plaintiff submitted a claim to defendant for the extra expenses it incurred in connection with the cost to equip and operate the replacement location. Defendant paid out a portion of the amount plaintiff sought. In accordance with the insurance contract's appraisal clause, the parties chose their own appraisers and an umpire to determine the "amount of loss," but defendant, in a December 3, 1997 letter, ultimately withdrew from the appraisal process, noting that it did not dispute the amount of loss, but rather that it disputed whether that loss was covered at all. Defendant thus relied on the appraisal clause's statement that defendant still retains its "right to deny the claim" even if there has been an appraisal of the loss.

Plaintiff filed suit in this Court alleging diversity jurisdiction and asking this Court to "enter an order to have the appraisal proceed in accordance with the terms of the appraisal clause." Plaintiff then filed a motion for summary judgment, arguing that this Court should outright order the defendant to pay the remainder of the loss or to submit to the appraisal process. Defendant filed its own cross-motion for summary judgment. This Court, relying on the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and New Jersey law, found that an appraiser, pursuant to a fire policy, can make no legal determinations, such as determinations of whether a contract between parties provides for coverage of a lost item; while arbitrators can determine legal issues, an appraiser's role is to determine a disputed amount of loss and not to establish liability. In this case, this Court noted, the amount of loss is not in dispute since defendant conceded that the amount of loss was reasonable. Liability for that amount of loss, however, is an issue which defendant, in the insurance contract's appraisal clause, specifically reserved the right to raise.

Additionally, this Court noted that plaintiff was not entitled to summary judgment for an outright award of the amount of loss because despite the fact that plaintiff was aware that coverage would be an issue before this case was ever filed, plaintiff did not seek damages in the Complaint, but rather sought only to enforce the appraisal clause.

Now before the Court is plaintiff's motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). Essentially, the plaintiff asks this Court to reconsider its decision to not order the appraisal. Local Civil Rule 7.1(g) governs motions for reconsideration in this Court. The rule states that the movant shall "set forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate has overlooked." Only dispositive factual matters and controlling legal decisions which were presented to the Court in the original motion may properly be the subject of a motion for reconsideration; the Court will not consider the new evidence. *See, e.g., Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J.1992). Arguments overlooked by

counsel (as opposed to those overlooked by the Court) are not a proper basis for reargument. *Polizzi Meats, Inc. v. Aetna Life & Casualty Co.*, 931 F.Supp. 328, 340 (D.N.J.1996).

Plaintiff argues that this Court's earlier decision was incorrect because the parties' agreement with respect to the scope of the appraisal was not expressly set forth in the insurance contract, but in an agreement between counsel for the parties as set forth in defendant's counsel's letter of July 24, 1997, attached to the motion as Exhibit A. Plaintiff quotes that letter as follows:

This will also confirm that based upon the insured's testimony to date, the claim for additional expense is not $306,717.00 but rather *only those items which were testified by your client related to the fire or, questionably related to the fire.*

(Pl.'s Br. Ex. A (emphasis added by plaintiff).) Plaintiff then cites to the November 17, 1997 letter which plaintiff's counsel sent to defendant's counsel purporting to state an agreement between the parties that coverage would be decided by the appraiser. (*Id.* at Ex. B.) Plaintiff finally notes that defendant's attorney responded to this letter with his own letter of November 18, 1997, in which he stated that "[y]ou and I agreed to the appraisal process to determine the value of those items that were related to the fire on June 17, 1995." (*Id.* at Ex. C.) Based on these pieces of evidence, plaintiff argues that it was clear that "the appraisal panel was the value the items Mr. Rastelli indicated in his oral examination were related to the fire or were questionably related to the fire in accordance with the appraisal agreement set forth in Exhibit 'A.'" (*Id.* at 4.) The "appraisal agreement" is, in plaintiff's mind, not the original insurance contract, but the letter attached as Exhibit A.

■ Plaintiff's argument is unavailing. In the first instance, plaintiff's exhibits A, B, and C were never placed before this Court when the original summary judgment motion was decided and they therefore are not properly the basis of a motion for reconsideration. This Court could not have "overlooked" information that was not presented. Second, plaintiff's limited quotes from these exhibits distorts the true nature of the record.[1]

■ Defendant's counsel's July 24, 1997 letter to plaintiff's counsel did nothing more than indicate that appraisers had been selected and confirm an outside limit for the valuation of the loss which the appraiser was to decide. (*Id.* at Ex. A.) Plaintiff's counsel's November 17, 1997 letter to defendant's counsel stated plaintiff's unilateral belief that coverage issues would be decided by the appraiser:

I thought you and I agreed that the question of whether the specific items in the claim were costs to equip and operate a replacement premises was to be decided in appraisal. I believe we agreed to this because it is the cheapest way to resolve this claim rather than going to court.

(*Id.* at Ex. B.) Plaintiff's counsel then went on to explain his view, which this Court's June 28, 1999 Opinion explains is incorrect as a matter of law, that appraisers in New Jersey decide the scope of coverage provided under an insurance policy. (*Id.*)

The view expressed by plaintiff's counsel in the November 17, 1999 letter would have changed the appraisal terms as set forth in the underlying insurance contract itself, in which defendant specifically reserved the right to deny coverage even if an appraiser set the value of loss. The terms of the contract, however, cannot be changed without a meeting of the minds on an amendment. Defense counsel's November 18, 1997 letter clearly shows that there was no meeting of the minds that the appraiser would decide issues of coverage:

You and I agreed to the appraisal process to determine the value of those items of

1. In addition to mischaracterizing the evidence attached to his brief, plaintiff's counsel misquotes several lines from page 13 this Court's June 28, 1999 Opinion.

expense that were related to the fire on June 17, 1995.... It has always been ... the position of Peerless Insurance Company that to the extent the insured made claims for items of expense which were part of his planned relocation that such a claim could be construed to be a material misrepresentation as defined in the policy. In fact, I cautioned you in that regard in my correspondence of July 24, 1997. In New Jersey ..., the appraisal process may be utilized only with respect to a determination of value.... [T]he Peerless Insurance Company and the insured must acknowledge that the appraisers's determination, pursuant to the policy, is with respect to value only and, the Peerless Insurance Company retains its right to contest coverage....

(*Id.* at Ex. C.) Nothing in defendant's November 18, 1997 letter can be read to constitute a meeting of the minds that the appraiser would determine issues of coverage; the letter could not be more clear that defendant intended to continue its rights under the underlying insurance contract itself, and not to vary the contract to enlarge the appraiser's role to embrace questions of coverage.

These additional letters which plaintiff's counsel bring to the Court's attention for the first time do not constitute evidence that the insured and the insurer agreed in writing to amend the appraisal clauses of the contract.

For the foregoing reasons, this Court finds upon reconsideration that a change of the Court's decision is not warranted, and thus plaintiff's motion to alter and amend the judgment of June 29, 1999 will be denied.

### ORDER

This matter having come before the Court upon plaintiff's motion to alter and amend the judgment of June 29, 1999; and the Court having considered the parties' submissions; and for the reasons expressed in an Opinion of today's date;

IT IS this day of August 1999 hereby

ORDERED that plaintiff's motion to alter and amend the judgment of June 29, 1999 be, and hereby is, *DENIED.*