William YURECKO, Plaintiff,

v.

PORT AUTHORITY TRANS–HUDSON CORPORATION, Defendants,

and

Port Authority Trans–Hudson Corporation, Third–Party Plaintiff,

v.

Parson Brinckerhoff and Joseph Muscarelle, Inc./Gemini, Third–Party Defendants.

Civil Action No. 99–5458(JLL).

United States District Court, D. New Jersey.

Aug. 18, 2003.

Sharon McGahee, Newark, NJ, for Third–Party Plaintiff, Port Authority Trans–Hudson Corporation.

Richard O. Hughes, Zetlin & DeChiara, LLP, New York, NY, for Third–Party Defendant, Parsons Brinckerhoff.

James F. Kane, Carroll, McNulty & Kull, LLC, Gladstone, NJ, for Third–Party Defendant, Joseph Muscarelle, Inc/Gemini.

## OPINION

LINARES, District Judge.

This matter comes before the Court on Third–Party Plaintiff, Port Authority Trans–Hudson Corporation's (hereinafter "PATH") motion for reconsideration pursuant to Local Rule 7.1(g) of this Court's ruling on April 14, 2003, granting summary judgment to Third–Party Defendants, Parson Brinckerhoff (hereinafter "Parsons") and Joseph Muscarelle, Inc./Gemini (hereinafter "Muscarelle"). Pursuant to Fed.R.Civ.P. 78, no oral argument was heard. For the reasons discussed below, PATH's motion is GRANTED.

## BACKGROUND FACTS

In the mid–1980's the Third–Party Plaintiff, PATH, decided to build and construct a new maintenance facility. In 1986, they hired Parsons, the Third–Party Defendant, to create the design for the new project. Muscarelle, the Third–Party Defendant, was also hired to perform the actual construction of the facility. Parsons worked on the design from 1986 until 1990 upon which the project was completed. Upon completion of the project in 1990,

PATH closed its old facility and opened its new facility. During this time, PATH produced its own literature evidencing the grand opening of the facility.

The Plaintiff in this matter, William Yurecko, was an employee of PATH. He was involved in an accident on April 23, 1998, when he fell from a platform at PATH's Harrison Car Maintenance Facility. Plaintiff instituted a lawsuit against PATH on November 22, 1999, under the Federal Employer's Liability Act (FELA). On January 17, 2001, PATH instituted suit against both Parsons and Muscarelle as Third–Party Defendants from which PATH sought indemnification and contribution due to their involvement in designing and building the facility in which Plaintiff was injured.

On March 24, 2003, Parsons and Muscarelle brought a motion for summary judgment seeking dismissal of PATH's Third–Party claim under New Jersey's Statute of Repose, N.J.S.A. 2A:14–1.1. On April 14, 2003, oral argument was heard on this matter. During oral argument, PATH opposed Parson's and Muscarelle's summary judgment motion on two grounds: (1) PATH claimed there was a material issue of fact as to when the Statute of Repose begins to run; and (2) PATH invoked the doctrine of *nullum tempus* claiming that it was not subject to New Jersey's Statute of Repose. PATH also took the position that inasmuch as the Port Authority was not mentioned under section (c) of N.J.S.A. 2A:14–1.2, that statute did not apply to them. *See* PATH's Opposition Brief to Third–Party Defendants' Summary Judgment Motion at p. 3.

Accepting PATH's position that N.J.S.A. 2A:14–1.2(c) did not apply to them, this Court held that the Statute of Repose applied to PATH's action against Parson and Muscarelle and commenced in October of 1990. The Court held PATH's reliance on the doctrine of *nullum tempus* was misplaced as the doctrine was abrogated pursuant to the New Jersey Supreme Court's holding in *New Jersey Educational Facilities Authority and Jersey City State College v. Gruzen Partnership et. al.*, 125 N.J. 66, 592 A.2d 559 (1991). Moreover, absent the inclusion of PATH in N.J.S.A. 2A:14–1.2, as PATH claimed, the Statute of Repose N.J.S.A. 2A:14–1.1, would apply thereby making PATH's claim untimely.

Presently before this Court is PATH's motion for reconsideration of the Court's ruling on April 14, 2003.

## DISCUSSION

### I. Third–Party Plaintiffs' Motion for Reconsideration

█ For relief to be granted by way of a motion for reargument is "an extraordinary remedy" that is to be granted "very sparingly." *See NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J.1996); *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J.1986). Before reaching the merits of a motion for reconsideration, a court must decide whether the arguments are properly raised under the local rules. Local Rule 7.1(g) governs a motion for reargument, (often referred to as a "motion for reconsideration.")

Local Rule 7.1(g) states:

A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked. No oral argument shall be heard unless the Judge or Magistrate Judge grants the

motion and specifically directs that the matter shall be reargued orally.

 In other words, a motion for reconsideration is not an appeal, but rather, the movant is asking the Court to "rethink what it has already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F.Supp. 1311, 1314 (D.N.J.1990). The operative word in the rule is "overlooked". Therefore, mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument. *United States v. Compaction Systems Corp.*, 88 F.Supp.2d 339, 345 (D.N.J.1999) (citing *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 859 n. 8 (D.N.J.1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994)). Thus, the motion may address only "dispositive factual matters or controlling decisions of law" that were presented to, but not considered by, the court in the course of making the decision at issue. *See Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F.Supp. 826, 831 (D.N.J.1992). "Matters may not be introduced for the first time on a reconsideration motion." *Id.* Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. *Id.*

 In addition, parties should not restate arguments which the court has already considered. *See NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J.1996). Reconsideration motions "will be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has merged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). In essence, relief under Local Rule 7.1(g)

will be granted "very sparingly." *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J.1986). With these standards in mind, the Court will now turn to PATH's motion for reconsideration.

## II. The *Gruzen* Decision

██ PATH contends that this Court overlooked the significance of the New Jersey Supreme Court's holding in *Gruzen*, 125 N.J. 66, 592 A.2d 559. In *Gruzen*, the New Jersey Educational Facilities Authority (hereinafter "NJEFA") and Jersey City State College (hereinafter "JCSC") entered into a construction contract with the defendant to build a student center for JCSC at its Hudson County campus. *Id.* After the project was completed, the plaintiffs encountered structural defects with the student-center and sued for damages. *Id.* The Court held that the doctrine of *nullum tempus* applied to NJEFA as a state agency. *Id.* The Common Law doctrine of *nullum tempus occurrit regi* stands for the proposition that "no time runs against the king". *Id.* at 68, 592 A.2d 559. In *Gruzen*, the New Jersey Supreme Court held that:

> [T]he doctrine of nullum tempus is abrogated with respect to the State or its agencies insofar as it would preclude the application of general statutes of limitation to the State. This decision shall not be effective or applicable to claims made by the State or its agencies prior to December 31, 1991. *Gruzen*, 125 N.J. at 76, 592 A.2d 559.

Since, the *nullum tempus* doctrine was abrogated in *Gruzen*, this Court previously held that PATH's reliance on the doctrine was futile. PATH argued, at the time of the summary judgment and again in the instant motion, that legislation must be enacted with regard to the state agencies in order for the doctrine of *nullum tempus* to be waived. Specifically, PATH argues

that although the Legislature enacted N.J.S.A. 2A:14–1.2, in reaction to the *Gruzen* decision, the statute does not preclude the doctrine of *nullum tempus* from applying to them. To bolster their argument that *nullum tempus* must be specifically waived as to the Port Authority, PATH cites to the *Gruzen* decision where the Court stated:

> Although the Legislature granted NJEFA the power to sue and be sued, it made no reference to a waiver of nullum tempus. Similarly, when the Legislature amended the Port Authority statute to make the Authority amenable to suit, it did not specifically waive nullum tempus. *See* N.J.S.A. 32:1–157. Finding "no merit to defendants' contention that because the Legislature abrogated this particular attribute of sovereignty * * * the status of the Port Authority as a state agency was thereby withdrawn in all other respects," the court in *Port Authority v. Bosco*, 193 N.J.Super. 696, 700, 475 A.2d 676 (App.Div.1984), held that nullum tempus still applied to the Port Authority. Here, taking into consideration all of the relevant factors, we find that nullum tempus does apply to NJEFA as a State agency.

*Gruzen*, 125 at 73, 592 A.2d 559.

Therefore, PATH contends since the Legislature failed to amend N.J.S.A. 2A:14–1.2, to waive *nullum tempus* as to the Port Authority, the doctrine still applies to them. PATH's argument, however, is flawed given the fact that even if *nullum tempus* were applicable to them, the *Gruzen* decision made clear that "all claims made thereafter, (the effective date rendered by the *Gruzen* court of December 31, 1991) the doctrine of *nullum tempus* shall not serve to excuse the State from compliance with statute of limitations

on such contractual claims." *Id.* at 76, 592 A.2d 559. Also, PATH's reliance on the *Bosco*, case is misplaced since the Bosco decision preceded the *Gruzen* decision. *See also Port Authority of New York and New Jersey et. al., v. Affiliated FM Insurance Co.*, 2000 U.S. Dist. LEXIS 20724 (D.N.J. June 5, 2000), where the Honorable John W. Bissell, held that the doctrine of *nullum tempus* does not preclude the running of the statute of limitations as it pertains to the Port Authority. In *Affiliated FM*, plaintiffs, Port Authority and its subsidiary, sued various insurance companies that had issued first-party property insurance policies to plaintiffs. *Id.* Plaintiffs sought to recover costs and expenses it incurred and would continue to incur from its asbestos management and abatement activities in its New York and New Jersey facilities. *Id.* Defendant insurance companies moved for summary judgment in three separate motions. *Id.* Defendant argued that plaintiffs law suit was time-barred based on a suit limitation provision contained in the insurance policy. *Id.* Plaintiffs, Port Authority argued that the suit limitation provisions did not preclude their lawsuit because the doctrine of *nullum tempus* applied. *Id.* The Court held the doctrine of *nullum tempus* inapplicable in that case because the suit limitation provisions were contractual in nature. *Id.* at 77, 592 A.2d 559. Additionally, the Court stated that in the contractual setting, States can bind themselves just like private parties. *Id.* Consequently, the Port Authority's action could not be cured by the doctrine of *nullum tempus*.

Here, PATH asserts that their claims against Parsons and Muscarelle are contractual claims and are not time-barred by the Statute of Repose because *nullum tempus* applies to them. PATH's argument fails for the same reasons set forth in

the *Gruzen* and *Affiliated FM*[1] decisions, both of which make it clear that the doctrine of *nullum tempus* has been abrogated in a case such as the one present before this Court. Therefore, PATH's claims against Parsons and Muscarelle are time-barred, unless contrary to PATH's previous assertion N.J.S.A. 2A:14–1.2(c) is found to encompass the Port Authority.

### III. Applicability of N.J.S.A. 2A:14–1.2

■ PATH now argues that this Court erred, when it accepted their position and ruled that they are not a State agency for purposes of N.J.S.A. 2A:14–1.2. PATH states that this Court read Section (c) of N.J.S.A. 2A:14–1.2, literally to mean that since the Port Authority was not specifically enumerated in the statute, the statute did not apply to them. As previously stated, this argument by PATH in this reconsideration motion is wholly inconsistent to the position they took in their opposition brief to the motion for summary judgment by Parsons and Muscarelle. In their previous brief, PATH specifically stated:

> First, it should be noted that the Port Authority is not mentioned under Section (c) which defines the term "State." Therefore, the logical conclusion is that for purposes of N.J.S.A. 2A: 14–1.2, the Port Authority is not considered the State. Secondly, the Port Authority as a bi-state agency is not subject to unilateral State legislation and, therefore, N.J.S.A. 2A:14–1.2 does not apply to the Port Authority. (PATH's Opposition Brief to Third–Party Defendants' Summary Judgment Motion at p. 3).

Presently, in an apparent turnabout of their prior position, PATH now argues

that the statute is to be read more expansively so as to encompass the Port Authority as a governmental agency that was not explicitly enumerated. To support its new contention, PATH relies on the New Jersey courts' interpretation of the same statute in *In re Kietur*, 332 N.J.Super. 18, 752 A.2d 799 (App.Div.2000), and *State of New Jersey Department of Environmental Protection v. Caldeira*, 171 N.J. 404, 794 A.2d 156 (2002). In both cases, the court held that N.J.S.A. 2A: 14–1.2, applied to the plaintiffs as governmental entities even though both the Division of Medical Assistance and the Department of Environmental Protection are not explicitly mentioned in the language set forth in Section (c) of the statute. Hence, PATH now contends that they should also be considered a governmental agency thereby falling squarely within the statute.

This Circuit's caselaw is clear that this Court may, in its discretion, consider arguments not made at the time of the original decision. *See Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F.Supp. 447, 460–461 (D.N.J.1998) (Where the court reluctantly agreed that the plaintiff might have mistakenly argued "estoppel" when it meant to argue "waiver" in its original papers, and, therefore agreed to consider the issue on reargument, though affirming its original decision. The court warned, however, "[o]ther Courts might not be so lenient and [plaintiff] should be more cautious when designing and writing its briefs.") *Id.* at 461. "The Court will not consider … new evidence and that since late-submitted exhibits had not been before the Court at the time of the original motion, this Court could not have 'over-

---

1. This Court is aware that the *Affiliated FM*, holding that *nullum tempus* was not applicable to plaintiffs in that case was premised on the fact that the suit limitations period was contractual in nature. The Court in *Affiliated*

FM, found that in the contractual setting, States can bind themselves just like private parties. *Affiliated FM*, 2000 U.S. Dist. LEXIS 20724, at *78.

looked' information that was not presented." *In Rastelli Bros. Inc. v. Netherlands Ins. Co.*, 68 F.Supp.2d 448, 449–50 (D.N.J. 1999); *see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 162 (D.N.J.1988) (holding that the rule does not contemplate a court looking to matters which were not originally presented but which have since been provided for consideration.)

This Court will consider PATH's new argument despite same not having been raised previously. N.J.S.A. 2A:14–1.2(a), provides that any civil action commenced by the State shall be commenced within ten years after the action accrues. This ten year statute of limitation applies to the "State" unless another limitations statute expressly and specifically indicates that it applies to the State or provides a longer limitations period. N.J.S.A. 2A:14–1.2(b), indicates that no such action against the State shall accrue prior to January 1, 1992. If PATH is interpreted to fall within the meaning of the term "State", as set forth in N.J.S.A. 2A:14–1.2, their action against Parsons and Muscarelle would be deemed to have accrued on January 1, 1992, and thus, any action filed prior to January 1, 2002, would be deemed timely under N.J.S.A. 2A:14–1.2. Therefore, even though this Court has ruled that *nullum tempus* has been abrogated, the question still remains whether, in light of N.J.S.A. 2A:14–1.2, the action by PATH is still viable notwithstanding N.J.S.A. 2A:14–1.1 (Statute of Repose).

It is clear that N.J.S.A. 2A:14–1.1, does not "expressly and specifically" apply to actions commenced by the State or create a longer limitations period. Thus, if PATH falls within the meaning of the term "State" as used in N.J.S.A. 2A:14–1.2, that statute and not the Statute of Repose, would be the applicable statute. Therefore, PATH's action having been filed on January 17, 2001, would be timely. N.J.S.A. 2A:14–1.2(c), defines the term "State" to mean "the State, its political subdivisions, any office, department, division, bureau, board, commission or agency of the State or one of its political subdivisions, and any public authority or public agency, including, but not limited to, the New Jersey Transit Corporation and the University of Medicine and Dentistry of New Jersey." PATH is not explicitly mentioned in the aforesaid section of the statute. However, the statute does make clear that it was not meant to be limited to the two entities explicitly mentioned therein, namely, the New Jersey Transit Corporation and the University of Medicine and Dentistry of New Jersey. Furthermore, in both the *In re Kietur*, 332 N.J.Super. 18, 752 A.2d 799 (App.Div.2000) case, and *State of New Jersey Department of Environmental Protection v. Caldeira*, 171 N.J. 404, 794 A.2d 156 (2002), the New Jersey Courts applied N.J.S.A. 2A:14–1.2, to governmental entities not explicitly mentioned within the statute. The Port Authority of New York and New Jersey clearly falls within the definition of the term State under N.J.S.A. 2A:14–1.2, notwithstanding movant's own argument during the summary judgment motion that PATH as a bi-state agency could not be affected by single state legislation. PATH's argument would have had some merit if, as attorney for Third–Party Defendant Parsons, Mr. Hughes, stated the statute in question dealt with some type of substantive issue such as collective bargaining not a limitations period as is the issue before this Court.

## CONCLUSION

N.J.S.A. 2A:14–1.2, was created as a result of the abolishment of the common law doctrine of *nullum tempus*. N.J.S.A. 2A:14–1.2, has clearly created a ten year statute of limitation and indicates that no

action shall be deemed to have accrued before January 1, 1992. *Nullum tempus* having been abrogated and the Statute of Repose (N.J.S.A.2A:14–1.1) not being applicable, requires N.J.S.A. 2A:14–1.2, be applied in this matter. The action of PATH against Parsons and Muscarelle having been commenced on January 17, 2001, falls within N.J.S.A. 2A:14–1.2(b), and is thus timely. Therefore, PATH's motion for reconsideration is **GRANTED** and the Order previously entered by this Court granting summary judgment to Third–Party Defendants Parsons and Muscarelle is hereby **VACATED.**[2]

**SO ORDERED.**

## ORDER

This matter having come before the Court upon Third–Party, Plaintiff, Port Authority Trans–Hudson Corporation's motion for reconsideration of this Court's ruling on April 14, 2003, and the Court having considered the submissions of the parties, and for the reasons expressed in the Opinion of today's date;

**IT IS,** this 18th day of August, 2003, hereby

**ORDERED** that Third–Party Plaintiff Port Authority Trans–Hudson Corporation's motion for reconsideration is **GRANTED**; and it is further

**ORDERED** that the Order entered on April 14, 2003, granting summary judgment to Third–Party Defendants Parsons Brinckerhoff and Joseph Muscarelle, Inc/Gemini is hereby VACATED.

---

2. PATH's argument that their claim is one of indemnification and contribution is now moot and will not be addressed since the Court has granted PATH's motion for reconsideration on other grounds.