**CHARLES WINSTON HENDRICKSON and
CECILIA ANNE HENDRICKSON, Plaintiffs**

v.

**REG O COMPANY, Defendant**

Civil No. 1979–245

District Court of the Virgin Islands

Div. of St. Croix

May 28, 1980

458

THOMAS ALKON, ESQ. (ISHERWOOD, ALKON, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for plaintiffs*

DAVID V. O'BRIEN., ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

At issue in this cause, in its present posture, is whether the exercise of personal jurisdiction by this Court over defendant Reg O Company trenches on the constitutional due process rights of that defendant. See Fed. R. Civ. P. 12(b)(2). Because the Court finds that sufficient "minimum contacts" exist between the defendant and this forum, the motion of defendant to dismiss the complaint will be denied.

Reg O Company (hereinafter sometimes Reg O) manufactures, distributes, and sells component parts for liquid petroleum cylinders. Plaintiffs maintain that an allegedly defective Reg O valve located within a Carib Gas Co. petroleum tank malfunctioned causing an explosion which seriously injured them. At the time of the incident Charles Hendrickson worked for Carib Gas Co. of St. Croix. Plaintiffs brought suit in the Virgin Islands, grounding jurisdiction on 4 V.I.C. § 32 and 5 V.I.C. § 4903.[1]

---

[1] 5 V.I.C. § 4903 provides:

§ 4903. Personal jurisdiction based upon conduct

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

(1) transacting any business in this territory;

(2) contracting to supply services or things in this territory;

(3) causing tortious injury by an act or omission in this territory;

(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

Reg O asserts that it is not subject to personal jurisdiction within this territory. Specifically, it claims that there is not a sufficient nexus between the company and the Virgin Islands to satisfy due process requirements. The defendant is a Delaware corporation with its principal place of business in Chicago, Illinois. It has no offices, agents, or distributors located in the Virgin Islands, nor is it registered to do business here. However, Reg O's products are present within this jurisdiction.

■ The issue of personal jurisdiction involves a fundamental constitutional question concerning this Court's power to render a valid personal judgment against a non-resident defendant. Norman's on the Waterfront v. West Indies Corp., 10 V.I. 495, 507 (D.V.I. 1974); see Kulko v. Superior Court, 436 U.S. 84, 91 (1978). We may only exercise personal jurisdiction over a non-resident defendant when minimum contacts exist between the defendant and this territory. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). This nexus requirement satisfies two distinct purposes; firstly it protects the defendant against litigating suits in inconvenient forums and secondly it insures that state and territorial courts will not overreach their limits and infringe on each other's sovereignty. World-Wide Volkswagen Corp. v. Woodson, 48 U.S.L.W. 4079, 4081 (Jan. 21, 1980). Thus, the minimum contacts must be such that requiring the defendant to litigate in the Virgin Islands will not offend "traditional notions of fair play and substantial justice". 326 U.S. at 316.

■ The quality rather than the quantity of the contacts must be evaluated to determine whether there is an adequate nexus between the defendant and the forum. See Hanson v. Denkla, 357 U.S. 235, 253 (1958). Reg O did not have systematic or continuous contacts with the Virgin Islands. However, the contacts it did have facilitated the entry of the alleged defective valve into this

---

(5) having an interest in, using, or possessing real property in this territory; or

(6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

This statute authorizes the exercise of personal jurisdiction to the constitutional limit. See Norman's on the Waterfront v. West Indies Corp., 10 V.I. 495, 516 (D.V.I. 1974).

jurisdiction. The quality of those contacts suffices to confer jurisdiction.

■ In Hanson, the Supreme Court formulated the minimum contacts test as follows:

> It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State thus invoking the benefits and protections of its laws. Id. at 253.

Reg O invoked the benefits of Virgin Islands law by allowing its goods to enter this territory. Indeed, its direct and indirect activities were such that it could reasonably anticipate being amenable to this Court's jurisdiction. See World-Wide Volkswagen Corp. v. Woodson, 48 U.S.L.W. at 4082; Shaffer v. Heitner, 433 U.S. 186, 216 (1977).

Plaintiffs insist that Reg O had the following contacts with the Virgin Islands.[2] At the time of the accident approximately 75% of the 13,500 Carib Gas tanks were equipped with Reg O valves. Furthermore, Carib had an additional inventory of $100,000 in Reg O made equipment. In addition, the defendant regularly forwarded to Carib Gas Corp. catalogues, bulletins, price sheets and upkeep instructions pertaining to its products sold to and utilized in the Virgin Islands.

■ Reg O contends that its sales in the Virgin Islands are insignificant. Indeed, most of Reg O Co.'s equipment reached the Virgin Islands through independent distributors.

In World-Wide Volkswagen Corp., the Supreme Court observed that where the sale of goods of a manufacturer or distributor is

> not simply an isolated occurrence, but arises from the efforts of the manufacturer . . . to serve, directly or indirectly, the market for its products in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has been the source of injury to its owners or others. 48 U.S.L.W. at 4082.

Without question Reg O purposefully served this territory. Therefore, personal jurisdiction over it will not offend traditional notions of fairness and justice. Assuming that the Reg O valve was the proximate cause of plaintiffs' injuries it seems just and fair to require that defendant come to this jurisdiction and defend its

---

[2] Most of plaintiffs' assertions are based on the affidavit of Oscar Seagle, a former vice-president of Carib Gas Corp. of St. Croix.

allegedly dangerous, defective product. Thus, the constitutional due process challenge has been fully repulsed.

■ Finally, we must determine whether jurisdiction exists under the Virgin Islands long-arm statute. 5 V.I.C. § 4903. That statute is intended to permit the Court's exercise of personal jurisdiction to the maximum extent permissible under the due process clause. Norman's on the Waterfront v. West Indies Corp., 10 V.I. at 509; Jensen v. McInerney, 299 F.Supp. 1309 (D.V.I. 1969). It provides in pertinent part:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
(1) transacting any business in this territory;
(2) contracting to supply services or things in this territory;
(3) causing tortious injury by an act or omission in this territory;
(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
. . .

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

We hold that in this case, personal jurisdiction may be exercised pursuant to § 4903(a)(4) only.

Reg O generally averred that the Virgin Islands long-arm statute could not confer in personam jurisdiction over it. Neither party related the factual allegations presented in this case to the long-arm statute. The Court, however, deems it necessary to analyze each subsection of § 4903 to elucidate the precise relationship between the statute and the facts at bar.

■■ Subsection (a)(1) of the statute provides that the Court can exercise in personam jurisdiction if the defendant transacts any business within the territory. Transacting business is a term of art which means less than doing business but more than performing some inconsequential act within a jurisdiction. Compare Hanson v. Denkla, 357 U.S. 235 (1958) with McGee v. International Life Insurance Co., 355 U.S. 220 (1957). In short, transacting business

requires a defendant to engage in some type of purposeful activity within the territory. See, e.g., Reiner & Co., Inc. v. Schwartz, 394 N.Y.S.2d 844 (Ct. App. 1977). Reg O transacted no business within this jurisdiction. It has no salesmen, offices, or agents in the Virgin Islands. Plaintiffs provided no evidence that Reg O entered into contracts here or that the direct sales ordered were destination contracts with delivery in the Virgin Islands. Hence jurisdiction cannot be supported by subsection (a)(1).

■ Subsections (2) and (3) are also inapplicable to the case sub judice. This Court[3] in Norman's on the Waterfront, 10 V.I. at 510, explained that subsection (2) can be interpreted to require: (1) that the contract be entered into in the Virgin Islands; (2) that the goods be shipped to this territory, and; (3) that the cause of action arise out of the contract. Clearly, these factors are not present here.[4] Subsection (3) is inapplicable because no tortious act occurred within the Virgin Islands.

■ Personal jurisdiction may be properly exercised, however, under subsection (4) of § 4903(a). Under that subsection, a person who commits a tortious act without this territory causing injury within is amenable to suit if he:

(1) regularly does or solicits business in this territory, or
(2) engages in any other persistent course of conduct; or
(3) derives substantial revenue from goods used or consumed or services rendered in this territory.

While Reg O's activities do not constitute soliciting or doing business in this territory, the defendant does engage in a persistent course of conduct which satisfies the second element in subsection (a)(4). Reg O Company sends catalogues, price sheets, and equipment instructions into the Virgin Islands.[5] Moreover, Reg O cannot argue that its products' presence in the Virgin Islands is a fortuitous occurrence. The company purposefully places its wares into the stream of interstate commerce with direct knowledge that some of the goods will serve Virgin Islands customers. One who seeks a national market for its merchandise ought to be prepared at the same time to

---

[3] The Honorable Warren H. Young's writing.

[4] The Court notes that the interpretation of subsection (2) advanced in Norman's on the Waterfront was dicta. While we do not expressly adopt his interpretation of the subsection it is helpful to show that the factual setting on hand makes (a)(2) inapplicable.

[5] The Court leaves open the question whether these actions, without more, can constitute soliciting business.

defend itself in those foreign jurisdictions where its products cause injury. State v. Campbell, 442 P.2d 215 (Ore. 1968). Reg O Company's persistent course of conduct of placing its goods into interstate commerce satisfies § 4903(a)(4). See Jackson v. National Linen Service Corp., 248 F.Supp. 962, 965 (W.D. Va. 1965).

██ ██ Reg O is also amenable to in personam jurisdiction because it satisfies the last element of subsection (a)(4) by deriving substantial revenue from goods used in the Virgin Islands. Oscar Seagle, by affidavit, opined that at the time of the accident there were at least $121,500 worth of Reg O valves in the territory. Moreover, there was an additional $100,000 of Reg O equipment in the St. Thomas Carib Gas Co. plant. Reg O maintains that its yearly income is in excess of $35 million and that any revenue derived from the Virgin Islands is de minimis. Although the revenue derived directly or indirectly from the Virgin Islands may seem a small amount when compared to Reg O's total volume of sales, the Court holds that it is substantial enough to satisfy the statute. See id. at 965. This is a jurisdiction with a small population more than 1,000 miles away from any continent. Hence, the use of the term "substantial" must be interpreted by local Virgin Islands standards. Therefore the proportion of Reg O Company's total sales to local sales is not a controlling factor.

In conclusion, the Court holds that Reg O is amenable to in personam jurisdiction pursuant to 5 V.I.C. § 4903(a)(4). The statute as construed affords adequate protection of defendant's due process rights. Accordingly, the motion to dismiss for lack of jurisdiction must be denied.

## ORDER

The premises considered and the Court being duly advised

IT IS ORDERED that defendant's motion to dismiss this action for lack of in personam jurisdiction be, and the same is, hereby DENIED.