**JABER A. SAMAD, S & H MANAGEMENT CORP., Plaintiffs**

**v.**

**HIGH SOCIETY MAGAZINE, RUSSELL SMITH, Defendants**

Civil No. 82-26

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 9, 1984

ETHEL CARR HUNTER MITCHELL, ESQ., St. Thomas, V.I., *for plaintiff*

JOSEPH BRUCE WM. ARELLANO, ESQ., St. Thomas, V.I., *for defendant High Society Magazine*

RUSSELL SMITH, New York, New York, U.S.A., *defendant pro se*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This action for libel stemming from the publication by defendant High Society Magazine of a work of "erotic fiction" authored by defendant Russell Smith is before the Court on motion of defendants for dismissal on the ground that this Court lacks personal jurisdiction over defendant High Society Magazine (*High Society*). The motion will be denied.

■ At the outset, we conclude that jurisdiction over defendant High Society is conferred upon this Court by operation of 5 V.I.C. §

4903(a)(4). The affidavits of Ira Kirschenbaum, Vice President of High Society, reveal that approximately 275 copies of *High Society* are sold monthly from newsstands in the Virgin Islands. These are not isolated sales. The presence of defendant's publication in this jurisdiction is not merely fortuitous. Distribution of defendant's magazine is, instead, regular and consistent. Defendant does not insulate itself from liability in this jurisdiction merely by passing its publication through an independant distributor. High Society places its publication into the stream of commerce with the knowledge that a certain, not insignificant, number of copies will be sold within the jurisdiction. It thus engages in a "persistent course of conduct" within the meaning of 5 V.I.C. § 4903(a)(4). See Hendrickson v. Reg O Company, 17 V.I. 457, 463–64 (D.V.I. 1980), aff'd, 657 F.2d 9 (3d Cir. 1981).

■ The Kirschenbaum affidavits further reveal that defendant High Society receives $1.77 for each copy of *High Society* sold in the Virgin Islands. Defendant thus derives annual revenues of some $5,841.00 from sales of its publication in this territory. Considering the nature and unit cost of defendant's product, we cannot but conclude that these revenues are "substantial" within the meaning of 5 V.I.C. § 4903(a)(4). See Hendrickson v. Reg O, 17 V.I. at 464.

■■ Our inquiry does not stop here, however. This Court may assert long-arm jurisdiction only if assertion of such jurisdiction comports with constitutional due process requirements. Thus, our assertion of personal jurisdiction over defendant High Society must be predicated on certain "minimum contacts" between defendant and this jurisdiction. Keeton v. Hustler Magazine, Inc., 52 U.S.L.W. 4346, 4347 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980); International Shoe Corp. v. Washington, 326 U.S. 310, 317 (1945). These contacts "must be such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" World-Wide Volkswagen, 444 U.S. at 292, quoting International Shoe, 326 U.S. at 316.[1]

---

[1] The notion that "First Amendment considerations surrounding the law of libel require a greater showing of minimum contacts to satisfy the due process clause than is necessary in asserting jurisdiction over other types of tortious activity," New York Times v. Connor, 365 F.2d 567, 572 (5th Cir. 1966) has recently been put to rest by the Supreme Court: "we reject categorically the suggestion that invisible radiations from the First Amendment may defeat jurisdiction otherwise proper under the Due Process Clause." Keeton v. Hustler, 52 U.S.L.W. at 4348 n.12.

■ Defendants contend that the regular monthly sale in the Virgin Islands of 275 copies of *High Society* is insufficient, both absolutely and relative to total circulation, to support assertion of jurisdiction by this Court.[2] By failing to take into account the limited population of this Territory, the argument proves too much and must fail. A nonresident corporate defendant simply cannot be expected to have contacts with this jurisdiction equivalent to its contacts with highly populous jurisdictions such as New York or California. To deny jurisdiction over such a defendant merely because its local sales constitute a small percentage of its total sales would be to deny a resident plaintiff the protection of the laws and courts of this Territory merely because the population of this Territory is limited.[3] This the Due Process Clause does not require.

The Court takes judicial notice that the population of the Virgin Islands is roughly 100,000, while that of the United States is some 230,000,000. Given circulation in the Virgin Islands of 275 copies of *High Society* and total circulation of approximately 485,000 copies, it is apparent that the per capita circulation of *High Society* in this Territory is well above the national average. This is not a situation in which a few copies of a regional newspaper trickle into a distant, and populous, jurisdiction. See, e.g., Kersh v. Angelosante, 8 Med. L. Rptr. 1282 (N.E. Tex. 1982) (30 copies of Detroit Free Press, or .0047% of total circulation, distributed in Texas) and Gonzales v. Atlanta Constitution, 4 Med. L. Rptr. 2146 (N.D. Ill. 1979) (37 copies of *Atlanta Constitution*, or less than .001% of total circulation, distributed in Illinois). Rather, we consider the regular distribution of a national magazine in one of the nation's least populous jurisdictions. While the Virgin Islands circulation of *High Society* may not appear substantial in absolute terms or relative to defendant's total circulation, it is quite substantial relative to the population of this territory. The ratio of local sales to total sales is simply not controlling. If it were, this territory would be largely impotent to protect its residents from nonresident corporate tortfeasors with substantial national markets.

---

[2] Defendants claim that sales in the Virgin Islands of the allegedly libelous issue of High Society amounted to only .0567% of total sales of said issue.

[3] A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tortfeasor shall be liable for damages which are the proximate result of his tort. Leeper v. Leeper, 114 N.H. 284, 298, 319 A.2d 626, 629 (1974), cited with approval in Keeton v. Hustler, 52 U.S.L.W. at 4347.

██ We therefore hold that the regular monthly sale in the Virgin Islands of 275 copies of *High Society* constitutes sufficient contact with this jurisdiction to justify the exercise of personal jurisdiction over defendants. See generally Keeton v. Hustler, 52 U.S.L.W. 4346.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants for dismissal on the ground that this Court lacks personal jurisdiction over defendant High Society Magazine be, and the same is, hereby DENIED.