**UNLIMITED HOLDINGS, INC., Plaintiff**

**v.**

**BERTRAM YACHT, INC., FERETTI GROUP USA, INC., FERRETTI
S.p.A., and CCP, INC., d/b/a COOK COMPOSITES POLYMERS,
Defendants**

Civil No. 2005-46

District Court of the Virgin Islands

Division of St. Thomas and St. John

June 22, 2007

LEE J. ROHN, ESQ., St. Croix, U.S.V.I., *For the plaintiff.*

GREGORY H. HODGES, ESQ., St. Thomas, U.S.V.I., *For the plaintiff.*

JOHN H. BENHAM, ESQ., St. Thomas, U.S.V.I., *For the defendants, Bertram Yachts, Inc., Ferretti Group USA, Inc., and Ferretti S.p.A., Inc.*

KARIN A. BENTZ, ESQ., St. Thomas, U.S.V.I., *For the defendant CPP, Inc., d/b/a Cook Composites Polymers.*

GOMEZ, *Chief Judge*

## MEMORANDUM OPINION

(June 22, 2007)

Before the Court is the motion of defendant CPP, Inc., d/b/a Cook Composites Polymers ("CPP") to dismiss the complaint of Unlimited Holdings, Inc. ("Unlimited") for lack of personal jurisdiction.

## I. FACTS

Unlimited is a Virgin Islands corporation, with its principal place of business in the Virgin Islands. CPP is a Missouri corporation, with its principal place of business in Kansas City, Missouri.

CPP is a supplier and distributor of gelcoats, which are applied to yachts. CPP manufactured a gelcoat called ARMORCOTE 951WJ188 (the "Gelcoat"), which was used in the production of a new Bertram Model 510 Motor Yacht, Hull Identification No. BERN2927G102, (the "Yacht").

In 2001, Unlimited purchased the Yacht from Industrial Marine Services, Inc. ("Industrial"), a dealer authorized by Bertram to sell its products, for over $ 1,000,000. However, in the summer of 2002, Unlimited began to notice "lines, cracks, and changes in the color of the gelcoat throughout the entire vessel, as well as movement in the window areas." (Compl. at ¶ 16).

On March 22, 2005, Unlimited filed this action against Bertram Yacht, Inc. ("Bertram") and Ferretti Group USA, Inc ("Ferretti USA"). Ferretti USA is the United States distributor for yachts manufactured by the Italian yacht manufacturer, Ferretti S.p.A. ("Ferretti") (collectively with Bertram and Ferretti USA, the "Bertram Defendants"). Bertram is a wholly owned subsidiary of Ferretti. After receiving leave from the Court on September 8, 2006, Unlimited filed a First Amended Complaint (the "Complaint"), adding CPP and Ferretti as defendants.

The Complaint contains eight causes of action. Counts One and Two allege breaches of express and implied warranties, respectively, against the Bertram Defendants. Count Three states that the Bertram Defendants breached the covenant of good faith and fair dealing in the performance of their product support, service, and warranty obligations. In Count Four Unlimited, as a claimed third party beneficiary, seeks damages against CPP for breach of an express warranty CPP made to Bertram that the Armor Coat met all applicable specifications and contained the highest quality materials. In Count Five, Unlimited, again as a claimed third party beneficiary, seeks damages from CPP for breach of an implied warranty CPP made to Bertram that the Armor Coat was of merchantable quality and safe for its intended use. Count Six asserts a negligence claim against the Bertram Defendants. Count Seven alleges a claim for

negligence against CPP. Finally, Count Eight is a misrepresentation claim against the Bertram Defendants.

CPP moves to dismiss Counts Four, Five, and Seven for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. DISCUSSION

### A. Rule 12(b)(2) Standard

■■■ "In deciding a motion to dismiss for lack of personal jurisdiction, [the Court] take[s] the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (internal citations omitted). The plaintiff must establish personal jurisdiction by a preponderance of the evidence. *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992).

> Generally, this Court follows a two-step analysis to determine if personal jurisdiction is proper: (1) whether jurisdiction is authorized by the forum's long-arm statute and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution, which requires that the defendants have certain "minimum contacts" with the forum.

*Yusuf v. Adams*, 2004 U.S. Dist. LEXIS 27178 (D.V.I. 2004); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

### 1. Long-Arm Statute

■ The Virgin Islands Long-Arm Statute provides:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person[]

(1) transacting any business in this territory;

(2) contracting to supply services or things in this territory;

944

(3) causing tortious injury by an act or omission in this territory;

(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

(5) having an interest in, using, or possessing real property in this territory; or

(6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

(7) causing a woman to conceive a child, or conceiving or giving birth to a child; or

(8) abandoning a minor in this Territory.

V.I. CODE ANN. tit. 5. § 4903. The Virgin Islands long-arm statute has been interpreted as applying as widely as the Constitutional requirements permit. *See Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532 (D.V.I. 2003) ("[B]y adopting the Uniform Act, rather than developing its own long-arm statute or adopting the long-arm statute of some other jurisdiction, the Virgin Islands' Legislature likely intended the reach of the Virgin Islands' long-arm statute to be coextensive with the exercise of personal jurisdiction permitted by the *due process clause*."); *see also Urgent v. Amazon Hospitality, Inc.*, Civil No. 2002-115, 2004 U.S. Dist. LEXIS 12836, at *3 (D.V.I. July 9, 2004) (unpublished).

For the long-arm statute to apply, "all that is required by a literal interpretation of the statutory language is that the contract be performed in the Virgin Islands and that the cause of action arise out of the contract." *Godfrey v. Int'l Moving Consultants, Inc.*, Civil No. 79-188, 1980 U.S. Dist. LEXIS 8956, 18 V.I. 60 (D.V.I. Dec. 12, 1980).

## 2. Due Process Requirements

Due process requires that a non-resident defendant have minimum contacts with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). In determining the sufficiency of the defendant's minimum contacts with the forum,

945

"jurisdiction is proper if the defendant has taken 'action ... purposefully directed toward the forum State.'" *Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 370 (3d Cir. 2002) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Court of Cal.,* 480 U.S. 102, 112, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).

## III. ANALYSIS

To establish personal jurisdiction, Unlimited must demonstrate that the Court has jurisdiction over CPP under the Long Arm Statute and the due process requirements of the Constitution.

### A. Long Arm Statute

CPP is not a resident of the Virgin Islands. CPP does not maintain any offices in the Virgin Islands, nor does it have any employees, distributors, or agents in the territory. CPP does not advertise, solicit, or make any direct sales of any products in the Virgin Islands. Unlimited has not alleged that any of CPP's principals or agents have ever been to the Virgin Islands for business purposes.

Unlimited contends that personal jurisdiction is proper under the Long Arm statute because CPP transacted business in the Virgin Islands. "Transacting business is a term of art which means less than doing business but more than performing some inconsequential act within a jurisdiction. ... [T]ransacting business requires a defendant to engage in some type of purposeful activity within the territory." *Hendrickson v. Reg O Company,* 17 V.I. 457, 462-63 (D.V.I. 1980), *aff'd,* 657 F.2d 9 (3d Cir. 1981).

Unlimited points to the statement in the Complaint that CPP is "the world's largest supplier and distributor of gelcoats" as support for its contention that CPP should be deemed to have transacted business in the Virgin Islands. (Compl. At ¶ 9.) That statement does not, however, show that CPP engaged in any sort of purposeful business activity within the Virgin Islands. *Cf. id.* at 463 (finding that the manufacturer of a defective valve that allegedly malfunctioned in the Virgin Islands had not transacted business in the territory, since it had no salesman, officers, or agents in the Virgin Islands, nor was there any evidence that direct sales ordered from the manufacturer were destination contracts with delivery in the Virgin Islands).

■ The Complaint does not allege that CPP ever transacted business, contracted to supply goods or services, regularly solicited business, engaged in any other persistent course of conduct, or derived substantial revenue from goods used or services rendered in the Virgin Islands. Nor has Unlimited submitted any affidavits or other evidence to support a finding of personal jurisdiction over CPP. Therefore, Unlimited has failed to establish that this Court has personal jurisdiction over CPP. *See, e.g., Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 585-86 (D.V.I. 2000) (granting the defendant's motion to dismiss for lack of personal jurisdiction because the complaint did not allege "that any of [the defendant's] conduct, about which Plaintiff complains, took place in the territory or had any territorial connection," nor did the plaintiffs present any evidence to support personal jurisdiction).

## IV. CONCLUSION

For the reasons stated above, the Court will grant CPP's motion to dismiss for lack of personal jurisdiction. An appropriate order follows.