**UNLIMITED HOLDINGS, INC., Plaintiff**

**v.**

**BERTRAM YACHT, INC., FERRETTI GROUP USA, INC., FERRETTI S.p.A, and CCP, INC. d/b/a COOK COMPOSITES & POLYMERS, Defendants**

Civil No. 2005-46

District Court of the Virgin Islands

Division of St. Thomas and St. John

March 24, 2008

LEE J. ROHN, ESQ., St. Croix, U.S.V.I., *For the plaintiff.*

GREGORY H. HODGES, ESQ., St. Thomas, U.S.V.I., *For the plaintiff.*

JOHN H. BENHAM, ESQ., St. Thomas, U.S.V.I., *For the defendants, Bertram Yachts, Inc., Ferretti Group USA, Inc., and Ferretti S.p.A., Inc.*

KARIN A. BENTZ, ESQ., St. Thomas, U.S.V.I., *For the defendant CCP, Inc., d/b/a/ Cook Composites Polymers.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION AND ORDER

(March 24, 2008)

Before the Court is the motion for reconsideration of the plaintiff, Unlimited Holdings, Inc. ("Unlimited").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Unlimited is a Virgin Islands corporation, with its principal place of business in the Virgin Islands. CCP, Inc. d/b/a Cook Composites and Polymers ("CCP") is a Missouri corporation, with its principal place of business in Kansas City, Missouri.

CCP is a supplier and distributor of gelcoats, which are applied to yachts. CCP manufactured a gelcoat called ARMORCOTE 951WJ188, which was used in the production of a new Bertram Model 510 Motor Yacht, Hull Identification No. BERN2927G102, (the "Yacht").

In 2001, Unlimited purchased the Yacht from Industrial Marine Services, Inc. ("Industrial"), a dealer authorized by Bertram to sell its products, for over $1,000,000. However, in the summer of 2002, Unlimited began to notice "lines, cracks, and changes in the color of the gelcoat throughout the entire vessel, as well as movement in the window areas." (Compl. ¶ 16.)

On March 22, 2005, Unlimited filed this action against Bertram Yacht, Inc. ("Bertram") and Ferretti Group USA, Inc. ("Ferretti USA"). Ferretti USA is the United States distributor for yachts manufactured by the Italian yacht manufacturer, Ferretti S.p.A. ("Ferretti") (collectively with Bertram and Ferretti USA, the "Bertram Defendants"). Bertram is a wholly owned subsidiary of Ferretti. After receiving leave from the Court

on September 8, 2006, Unlimited filed a First Amended Complaint (the "Complaint"), adding CCP and Ferretti as defendants.

The Complaint contains eight causes of action. Counts One and Two allege breaches of express and implied warranties, respectively, against the Bertram Defendants. Count Three states that the Bertram Defendants breached the covenant of good faith and fair dealing in the performance of their product support, service, and warranty obligations. In Count Four Unlimited, as a claimed third party beneficiary, seeks damages against CCP for breach of an express warranty CCP made to Bertram that the Armor Coat met all applicable specifications and contained the highest quality materials. In Count Five, Unlimited, again as a claimed third party beneficiary, seeks damages from CCP for breach of an implied warranty CCP made to Bertram that the Armor Coat was of merchantable quality and safe for its intended use. Count Six asserts a negligence claim against the Bertram Defendants. Count Seven alleges a claim for negligence against CCP. Finally, Count Eight is a misrepresentation claim against the Bertram Defendants.

After the commencement of this action, CCP moved to dismiss Counts Four, Five, and Seven of the complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court granted that motion and dismissed Counts Four, Five, and Seven. Unlimited now seeks reconsideration of that ruling.

## II. DISCUSSION

■ Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides[1]:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;

---

[1] At the time Unlimited filed its motion for reconsideration, Local Rule 7.3 was codified as Local Rule 7.4.

3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (2008). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004). As the *Bostic* court noted, ". . . Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

## III. ANALYSIS

Unlimited urges that reconsideration of the Court's ruling dismissing Counts Four, Five, and Seven is warranted to prevent manifest injustice. In support of that position, Unlimited asserts that the Court should have allowed Unlimited to engage in jurisdictional discovery. Unlimited further attempts to bolster its argument with a series of references to cases from the Third Circuit Court of Appeals. Those cases generally set forth the standards a court should use in deciding a motion to dismiss for lack of personal jurisdiction and for granting a party an opportunity to conduct jurisdictional discovery. None of the arguments Unlimited now presents support reconsideration of the Court's ruling.

■ In the Third Circuit, the rule "is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" *Massachusetts School of Law at Andover v. ABA*, 107 F.3d 1026, 1042 (3d Cir. 1997); *see also Nehemiah v. The Athletics Congress*, 765 F.2d 42, 48 (3d Cir. 1985). A court may "refuse such requests when they are untimely, unsupported, or irrelevant to the jurisdictional debate." *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283-84 (3d Cir. 1994) (finding that an opposition brief's mention of discovery was sufficient even though plaintiff made no formal motion); *United States v. Swiss American Bank, Ltd.*, 191 F.3d 30, 45-46 (1st Cir. 1999). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217,

1223 (3d Cir. 1992), the plaintiff's right to conduct jurisdictional discovery should be sustained. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

Unlimited does not assert, nor does the record reflect, that Unlimited at any time in these proceedings requested jurisdictional discovery. The primary argument in Unlimited's opposition to CCP's motion to dismiss was that CCP transacted business in the Virgin Islands. The Court found that Unlimited failed to support that argument. Indeed, in finding that Unlimited had failed to meet its burden of showing that CCP was subject to personal jurisdiction in this Court, the Court found that Unlimited had failed to "show that [CCP] engaged in any sort of purposeful business activity within the Virgin Islands." *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 48 V.I. 941, 946 (D.V.I. 2007). The Court further found that

> [t]he Complaint does not allege that [CCP] ever transacted business, contracted to supply goods or services, regularly solicited business, engaged in any other persistent course of conduct, or derived substantial revenue from goods used or services rendered in the Virgin Islands. Nor has Unlimited submitted any affidavits or other evidence to support a finding of personal jurisdiction over [CCP]. Therefore, Unlimited has failed to establish that this Court has personal jurisdiction over [CCP].

*Id.* at 947.

Unlimited commenced this action in March, 2005. Since that time, the Court has held several status conferences with the parties. The record reflects that discovery matters were the subject of at least some of those status conferences. After one such status conference, held on November 29, 2005, the Court stated in a written order that discovery was proceeding "on the schedule adopted by the parties." At another, held on January 26, 2006, the Court ordered the parties to confer with respect to written discovery by a date certain. After yet another, on May 25, 2006, the Court indicated in a written order that supplemental discovery was in progress. In short, the record does not reflect that there were any restrictions whatever on discovery in this matter.

Even if there was a perceived limitation on discovery, Unlimited could have made a specific request for jurisdictional discovery. Unlimited never made any such request. Indeed, CCP was added as a defendant in

847

September, 2006, and filed its motion to dismiss in November, 2006. The motion and opposition were entered on the docket in January, 2007. The Court did not rule on the motion until June, 2007. Six months of extensive discovery took place from the filing of the motion through the ruling on the motion. At no point did Unlimited file a motion for jurisdictional discovery or otherwise attempt to convince the Court of the need for jurisdictional discovery. Unlimited's lack of diligence in this matter provides further support for the Court's conclusion that reconsideration of its June 22, 2007, ruling is unwarranted.

In light of the above facts, the Court is at pains to understand Unlimited's argument that "the Court erred by dismissing the First Amended Complaint for lack of personal jurisdiction rather than allowing jurisdictional discovery." (Pl.'s Mot. for Recons. 10.) Significantly, that argument fails to identify any intervening change in the law, new evidence, or clear error, any one of which would warrant reconsideration, as contemplated by Local Rule 7.3. *See, e.g., Malpere v. Ruyter Bay Land Ptnrs, LLC*, Civ. No. 2003-132, 2005 U.S. Dist. LEXIS 14164, at *5 (D.V.I. June 9, 2005).

## IV. CONCLUSION

For the reasons stated above, the Court finds that Unlimited has failed to meet its burden of showing that the Court's June 22, 2007, ruling granting CCP's motion to dismiss for lack of personal jurisdiction should be revisited. Accordingly, it is hereby

**ORDERED** that the motion for reconsideration is **DENIED**.