**MELANIE BOSTIC, Plaintiff**
**v.**
**AT&T OF THE VIRGIN ISLANDS, Defendant**

Civil No. 01-0226 (STT)

District Court for the Virgin Islands

Division of St. Thomas and St. John

March 15, 2004

LEE J. ROHN, ESQ., Law Offices of Lee J. Rohn, St. Croix, V.I., *for Melanie Bostic, Plaintiff*

CHARLES E. ENGEMAN, ESQ., Ogletree, Deakins & Nash, St. Thomas, V.I., *for AT&T of the Virgin Islands, Defendant*

BROTMAN, *Judge* (Sitting by designation)

## OPINION

On November 4, 1999, Melanie Bostic filed a complaint, alleging she was sexual harassed by her former employer, AT&T of the Virgin Islands (AT&T), seeking relief under Title VII and relevant provisions of

territorial law, including section 64 of the Virgin Islands Civil Rights Act. 10 V.I.C. § 64. This action has so far been the subject of two motions to dismiss and one motion to reconsider. The Court is now asked by the Defendant to reconsider its previous reconsideration. The Court finds that there is no basis to do so and thus Defendant's motion will be denied.

## I. Background

In an order dated September 25, 2001, Judge Orlofsky granted, in part, Defendant's first 12(b)6 motion to dismiss, finding nearly all of Bostic's Title VII claims to be time-barred and also dismissing, without prejudice, the territorial law claims. In an opinion of the same day, Judge Orlofsky reasoned that because relatively complex issues of territorial law overshadowed the federal claims, it would not be proper for the Court to exercise supplemental jurisdiction.

In an undoubtedly unanticipated turn of events, the claims arising under Virgin Islands law were re-filed in territorial court only to be returned to federal court, this time based on diversity of citizenship. AT&T moved to consolidate the two halves of the case and once again to dismiss the territorial law claims, this time for failure to state a claim on which relief could be granted. On April 15, 2003, Judge Orlofsky granted both of those motions: he consolidated the cases and, for a variety of reasons, simultaneously dismissed Melanie Bostic's territorial law claims against her former employer, AT&T. Most importantly for the purposes of the present matter, Judge Orlofsky, found that the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 61-75, did not provide a private right of action to individual plaintiffs. *Bostic v. AT&T,* Civ. Nos. 2001-0226, 1999-0191, slip op. at 8-9 (D.V.I. Apr. 15, 2003).

Soon after, this case was transferred to Judge Brotman and it fell on this Court to decide a motion for reconsideration of Judge Orlofsky's opinion which was filed by the Plaintiff. With regard to her claim under the Virgin Islands Civil Rights Act, the Plaintiff sought reconsideration of Judge Orlofsky's opinion based on the intervening opinion of Judge Raymond L. Finch, Chief Judge of the District Court of the U.S. Virgin Islands, in *Ramos v. St. Croix Alumina, L.L.C.,* 277 F. Supp. 2d 600 (D.V.I. 2003). In *Ramos,* released sometime after the parties had presented briefs on the motion to dismiss but before Judge Orlofsky had entered his opinion, Judge Finch recognized a private right of action

under the § 64 of the Virgin Islands Civil Rights Act. 10 V.I.C. § 64; *Ramos*, 277 F. Supp. 2d 600, slip op. at 4.

By order of May 22, 2003, and while noting the need for an "abundance of caution" this Court granted Plaintiff's motion for reconsideration with regard to her claim for sex discrimination but denied it as to two other claims. *Bostic v. AT&T*, Civ. No. 2001-0226 slip op. at 3 (D.V.I. May 22, 2003). The Court analyzed the motion under Local Rule of Civil Procedure 7.4, which requires that a motion for reconsideration must be based on any one of three grounds: an intervening change in controlling law, newly available evidence, or the need to correct clear error or prevent manifest injustice. The Court first observed that *Ramos,* as a district court decision, could neither be considered "binding on this Court nor constituting 'controlling law'" for the purposes of Local Rule 7.4. However, "recognizing that dismissal of plaintiff's sex discrimination claim ... may result in 'manifest injustice'" the Court granted plaintiff's motion in that regard. More precisely, the Court vacated the two paragraph section of Judge Orlofsky's opinion discussing the Virgin Islands Civil Rights Act, 10 V.I.C. §§ 61-75, and reinstated the Plaintiff's claim thereunder. In doing so, the May 22, 2003 Order reinstated Bostic's Chapter 5 claim to the position it enjoyed prior to Judge Orlofsky's Opinion.

Shortly after that Order was entered, the Defendant filed the present motion, seeking what could only be termed re-reconsideration. The Defendant alleges *inter alia* that it was "clear error" to grant Plaintiff's motion because none of the three enumerated grounds under Local Rule 7.4 could be found to exist. In particular, the Defendant argues: that "manifest injustice" must be unequivocally found before the Court is empowered to grant reconsideration on such grounds; that a statement that the original opinion "may ... result in manifest injustice" is insufficient; and that, absent such a finding, the Court's ruling on this point constitutes "clear error." For the following reasons, the Court cannot agree that its discretion is to be so narrowly construed.

## II. Local Rule 7.4

■■ Adopted on March 3, 2000, Local Rule of Civil Procedure 7.4 provides litigants with a vehicle to seek reconsideration or "reargument," however fashioned, of an decision or order of the district court. Although it is a relatively new addition to the Local Rules and little case law has

been developed within this district, 7.4 codifies longstanding Third Circuit precedent by requiring that "a motion for reconsideration shall be based on: (1) intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice." L.R. CIV. P. 7.4; *see Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence"). Like similar provisions found in the local rules of other districts, it is intended to focus the parties on the original pleadings as the "main event," and to prevent parties from filing a second motion with the hindsight of the court's analysis covering issues that should have been raised in the first set of motions. It is not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not. In short, Local Rule 7.4 affirms the common understanding that reconsideration is an "extraordinary" remedy not to be sought reflexively or used as a substitute for appeal.

■■ The Scope of Local Rule 7.4, like any local procedural rule adopted by a district, is limited by the relevant Federal Rules of Civil Procedure governing the situation in which it is applied. *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990) (holding that Local Rule 6(i) regarding motions for summary judgment must be interpreted in a manner consistent with Federal Rule 56). It is commonly applied in two procedurally distinct contexts: first as to "judgments," as that term is used in the federal rules, FED. R. CIV. P. 54(a) ('judgment' "includes a decree and any order from which an appeal lies"), and second as to "any order or other form of decision ... which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties." FED. R. CIV. P. 54(b). The rule must bend differently to conform to the Federal Rules governing each context.

■ In the first context—when a litigant uses Local Rule 7.4 as a vehicle to alter or amend a final and appealable judgment—the parties, and the court, must be mindful of the restrictions contained in Federal Rule 59, among others. Under Section 59(e), for instance, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e). This "ten day period is jurisdictional, and 'cannot be extended in the discretion of the district court.'" *De la Fuente v. Central Electric Cooperative, Inc.*, 703 F.2d 63,

65 (3d Cir. 1983) (*per curiam*) (quoting *Gribble v. Harris*, 625 F.2d 1173 (5th Cir. 1980) (*per curiam*)); *United States v. The Schooner Windspirit*, 32 V.I. 285, 288, 161 F.R.D. 321, 323-24 (D.V.I. 1995). Thus, while Local Rule 7.4 purportedly allows the district court to extend the ten day limit in which to file a 7.4 motion for "good cause shown," when applied to a judgment, the power to grant such an extension lies beyond the jurisdiction of a district court.

 In the latter context—when, as here, the Court has rendered decision dismissing fewer than all claims—Federal Rule 54(b) explicitly directs that the decision is "subject to revision at any time before the entry of a judgment ... ." FED. R. CIV. P. 54(b). Only in this context - when a party seeks reconsideration of an order or other decision not amounting to a final judgment - is it within the district court's discretion to extended the 10-day time limit as provided by Local Rule 7.4. *See also* (Unless otherwise stated, any [Local] Rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice."). Just as Local Rule 7.4 cannot expand the scope of Federal Rule 59(e), neither can it limit the properly exercised discretion of the district court under *Rule 54(b)*.

 Given the wide discretion conferred on a district court by the Federal Rules, courts have sometimes found it appropriate to grant reconsideration on grounds that do not fall within a narrow interpretation of Rule 7.4 in order to meet the unique circumstances of a particular case. *See Slater v. KFC Corp.*, 621 F.2d 932, 939 (8th Cir. 1980) (motion to alter or amend a judgment is addressed to the sound discretion of the trial court); *Walker v. Bank of America National Trust and Savings Ass'n*, 268 F.2d 16, 25 (9th Cir.), *cert. denied*, 361 U.S. 903, 80 S. Ct. 211, 4 L. Ed. 2d 158 (1959). New Jersey district courts, operating under a similar provision, have at times found it within their discretion to consider newly available evidence, *Panna v. Firstrust Sav. Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991) (Brotman, J.), new arguments, *Yurecko v. PortAuth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 2003 U.S. Dist. LEXIS 14704 (D.N.J. 2003) (Linares, J.), and even newly submitted cases, *Union Steel America, Co. v. M/V Sanko Spruce*, 1998 U.S. Dist. LEXIS 18021 (D.N.J. Aug. 17, 1998) (Irenas, J.) on a motion for "reargument." *See* D.N.J. L.R. CIV. P. 7.1 (governing motions for "reargument"); *see also Public Interest Research Group v. Yates Industries*, 790 F. Supp. 511, 512 n.1 (D.N.J. 1991) (noting that

558

"'reconsideration' and 'reargument' are interchangeable terms"). Rarely, if ever, can the decision to do so constitute clear error.

## III. Defendant's Motion for Reconsideration

The Defendant's motion for reconsideration is addressed to the definition of "manifest injustice" found in Local Rule 7.4. However, whether or not the 'mere possibility' of manifest injustice is grounds for a motion for reconsideration under Rule 7.4 is not a question that the Court must address. Ironically, the Defendant seems to be arguing for a extraordinarily narrow interpretation of "manifest injustice" while relying on an equally extraordinary but wide interpretation of "clear error." Because the latter reliance is misplaced, its argument regarding the former need not be reached.

As the foregoing discussion makes clear, the Court's discretion to alter or amend a decision is not so narrowly limited and therefore, the May 22, 2003 Order granting reconsideration and vacating relevant portions of Judge Orlofsky's opinion cannot be in "clear error." The Order merely recognized the intervening opinion of Judge Finch in *Ramos* and that, while it does not constitute controlling law, it may have led to a different result had it been considered. As such, it was an appropriate exercise of the Court's discretion to alter or amend a decision. What the Defendant terms clear error actually seems to be nothing more than disagreement with the Court's interpretation of local rules. *See Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994) (stating that clear error or manifest injustice does not exist when a litigant merely disagrees with the court). Such disagreement is properly argued at the time of the underlying motion (in this case, Plaintiff's original motion for reconsideration) or directed to the court of appeals at an appropriate time. It is not a proper basis for a motion to reconsider.

## IV. Conclusion

Essentially, the Defendant disagrees with the Court's interpretation of Rule 7.4. Counsel cites no clear legal precedent that the Court failed to consider, no fact about which the Court was mistaken, nor any other

basis for reconsideration. Therefore, the motion for reconsideration of the Court's May 22, 2003 order will be denied.[1]

---

[1] As a point of clarification, the Court notes that although the previous Order granting reconsideration must stand, it had the effect only of returning the Plaintiff's claim for sex discrimination to the status it enjoyed prior to Judge Orlofsky's Opinion. If it so desires, the Defendant may return to the issue on a new motion to dismiss or a motion for summary judgment. Both parties, of course, would be free to adopt by reference arguments presented in papers already before the Court.