# IN THE MATTER OF THE ESTATE OF RALPH ALEXANDER GEORGE, Deceased

Case No. SX-99-PB-103

Superior Court of the Virgin Islands

Division of St. Croix

February 20, 2009

45

MARK L. MILLIGAN, ESQ., St. Croix, USVI, *Attorney for the Administrator of the Estate.*

SAMUEL T. GREY, ESQ., Nichols, Newman, Logan & Grey, P.C., St. Croix, USVI, *Attorney for Floretta George, spouse of the deceased.*

STEELE, *Judge*

## MEMORANDUM OPINION

### (February 20, 2009)

THIS MATTER is before this Court on Administrator's November 2, 2007 Motion to Vacate Order entered October 24, 2007 and for Reconsideration of Motion Regarding Spousal Support and Rents. The action was heard before this Court on January 26, 2009.

## STATEMENT OF FACTS

On October 21, 1999, Ralph A. George ("decedent") died intestate. This Court denied Floretta J. George's, the decedent's spouse ("spouse"), petition to be named administratrix, appointing instead the decedent's son, Lawrence George ("administrator"). Soon thereafter, the spouse moved this Court for spousal support; this Court denied her motion, on August 16, 2000, because the Administrator had not yet filed an inventory.[1] Subsequently, in an order dated September 11, 2000, this Court granted the spouse's motion seeking to continue her rent-free occupation of the marital home.

After a hearing on spousal support, this Court ordered the Administrator, in a February 5, 2001 order ("Original Order"), to pay the spouse $700.00 per month as spousal support. On March 21, 2001, the spouse filed her Petition for Homestead and Personal Property Allowance. On October 11, 2001 this Court issued an order granting the spouse "possession of the homestead, all wearing apparel and household furniture . . . until resolution of the above referenced estate." (Order of Oct. 11, 2001, 1.)

The spouse continued to live in the home and receive spousal support until the Administrator sent her attorney a letter dated June 2, 2003,

---

[1] Spousal support may not be awarded until the Administrator of an Estate files an inventory of the decedent's property. *Title 15 § 352.*

informing her that the spousal payments had exceeded a one-year statutory period and would cease immediately. The letter also stated the Administrator's intent to deduct $11,200 in overpayments from the spouse's share of the estate when it reached final adjudication. Between the date of the letter and June 2007, no spousal support payments were made to the spouse.

In June 2007, the Administrator notified the spouse that he would exercise the Estate's option to collect rent in the amount of $750,00 per month. Shortly thereafter, pursuant to the original order, the Administrator filed a Motion for Declaratory Judgment Against Floretta J. George (the "Motion for Declaratory Judgment") in which he requested that (1) the court limit the spouse's rights to spousal support and rent-free possession of the home to one year, (2) order that she repay the $11,200.00 in support overpayments upon closure of the Estate and (3) order her to begin paying rent for her continued inhabitance of the home.

The spouse filed her opposition to the Estate's Motion for Declaratory Judgment on October 15, 2007 ("response"). On October 24, 2007, this Court ordered the Administrator to pay spousal support in the amount of $37,000.00 for the period of administration for which the Administrator refused to pay the spouse spousal support ("Support Order"). Furthermore, this Court ordered the Administrator to continue paying the $700.00 monthly spousal support payments until the estate is closed, and to cease attempting to collect rent. Subsequently, on the same day but after the support order was issued, the Estate filed its reply ("reply") to the response.

On November 2, 2007, the Estate moved to vacate the support order and for reconsideration ("motion to reconsider") of the motion for declaratory judgment. The spouse filed a response on November 15, 2007.

On November 19, 2007, before this Court could decide the motion to reconsider, the Estate filed a Notice of Appeal. On September 5, 2008, the Supreme Court of the Virgin Islands issued a Memorandum Opinion regarding the Estate's appeal *The Estate of Ralph A. George v. Floretta J. George*, 50 V.I. 268 (V.I. 2008). The Supreme Court declined to hear the appeal on the ground that it lacked jurisdiction to hear the matter. The Supreme Court reasoned that it lacked jurisdiction to hear the appeal because the Superior Court's "denial of a motion for declaratory judgment in an unresolved probate case is neither an immediately appealable interlocutory order nor a final order." *Id.* at 275. Cogently, the

Supreme Court opined that it agreed with the spouse's "contention that the Estate's appeal from the denial of declaratory judgment is an attempt to appeal the [Original Order]" requiring the Estate to pay the spouse $700.00 per month in spousal support and allowing the spouse to remain in the dwelling house rent-free. *Id.*

On December 2, 2008, the spouse filed a Motion for Order to Show Cause (the "motion to show cause") seeking to move this Court to issue an order to show cause, why the Administrator of the Estate should not be held in contempt for his failure to comply with the spousal support order. On December 10, 2008, the Estate and Administrator filed an opposition to the Motion for Order to Show Cause. The spouse filed a reply to the opposition on January 8, 2009.

On January 26, 2009, this Court held a hearing on both the motion to show cause and the motion to reconsider.

## ISSUE

The issue before this court is whether this Court should reconsider an order it issued, when said order was issued prior to movant's opportunity to reply to respondent's response, but when said response did not raise any new issues or pertinent evidence not raised in movant's original motion and when similarly movant's reply did not raise any new issues or pertinent evidence not raised in movant's original motion.

## DISCUSSION

The Administrator argues that this Court should reconsider and/or vacate the Support Order. The Administrator reasons that he should have been given an opportunity to reply to the spouse's response to the Motion for Declaratory Judgment. He argues that this Court's failure to consider the reply constitutes a-denial of due process of law constituting "clear error" as a matter of law, requiring reconsideration and vacation of the Support Order.

■ First, we will consider whether this Court should reconsider the Support Order. In determining whether this Court should reconsider the Support Order, this Court must find that since entering of the Support Order there has been "(1) an intervening change in controlling law; (2) newly available evidence; or (3) the need to correct clear error or prevent manifest injustice." *Bostic v. AT&T of the Virgin Islands*, 45 V.I. 553, 312 F. Supp. 2d 731 (D.C.V.I. 2004). If one of the three factors has been

48

established, we then consider whether the Support Order "require[s] modification or reversal." *Mendez v. Hovensa, L.L.C.*, 2008 U.S. Dist. LEXIS 43989 (June 3, 2008). As discussed, the Administrator's argument is based on his belief that it was clear error not to afford him the opportunity to reply to the spouse's response.

Finally, we consider whether this Court has the authority to order an administrator of an estate to pay spousal support for the duration of the administration of a probate proceeding. Though this authority is not at issue in the Motion for Reconsideration, the issue has come up frequently during this probate proceeding and it is related to the current decision. This Court will address this issue in order to clarify this Court's authority to fashion support orders that are consistent with the laws of the Virgin Islands and maximize the spirit of probate proceedings.

## I. Standard of Review

█ Practice and procedure in this Court is, to the extent not inconsistent therewith, governed by the Local Rules of Civil Procedure of the District Court of the Virgin Islands ("LRCi"). SUPER CT. R. 7. Specifically, motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides:

> A party may file a motion asking a judge or magistrate judge to re-consider an order or decision made by that judge or magistrate judge. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the court . . . [A] motion to reconsider shall be based on: (1) intervening change in controlling law; (2) availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

LRCi 7.3 The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic* at 733. "[L]ocal Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

■ Courts should deny an Administrator's motion for reconsideration if the Administrator does not present any new evidence and does not persuade the court that the Order requires modification or reversal. *Mendez v. Hovensa, L.L.C.*, 2008 U.S. Dist. LEXIS 43989 (June 3, 2008).

## II. Reconsidering the Spousal Support Order

The Administrator claims that his inability to file a reply to the spouse's response to his Motion for Declaratory Judgment denied the Estate due process of law and that it was "clear error," requiring reconsideration.

■ As discussed, motion practice in this Court is governed by LRCɪ 7. Specifically, LRCɪ 7.1(e) sets the deadlines for parties' responses to motions and replies to responses. The deadline for a party to reply to a response to a motion is ten days. LRCɪ 7.1(e)(2). The Administrator filed his reply on October 24, 2007, the same day that the support order was issued. However, this Court has the authority to rule on a motion without a response or reply when deemed appropriate. LRCɪ 7.1(e)(3) and *Holland Constr., Inc. v. Kopko*, 2007 U.S. Dist. LEXIS 91462 (Dec. 7, 2007).

■ Whether it is *appropriate* for this Court to rule on a motion without the reply is to be determined on a case-by-case basis. This determination is fact-sensitive. It is this Court's opinion that an inquiry into whether the Administrator's reply contained any arguments or evidence not contained in his original motion will suffice to determine whether it would be appropriate for this court to reconsider the support order.

The Administrator filed the motion for declaratory judgment on June 21, 2007. In the motion he argued that the spouse was overpaid spousal maintenance. As discussed, spousal maintenance was ordered in the Original Order, which read in pertinent part:

> **ORDERED** that effective February 1, 2001, the Administrator, Lawrence George, pay the widow, Floretta J. George, the sum of $700.00 per month to assist with her monthly expenses.

*See* Order (Dated) February 5, 2001. The Administrator paid spousal support under the Original Order for over two years. The Administrator never

moved this Court to reconsider the Original Order[2]. Indeed the Administrator complied with the Original Order for over two years until he determined, under advice of his counsel, that he was not required to pay spousal support for more than one year from the issuance of the Support Order, The Administrator decided, unilaterally without this Court's guidance, to stop paying spousal support. The first time the Administrator sought this Court's guidance on the Administrator's obligations under the Original Order was in his Motion for Declaratory Judgment, filed over six years after the deadline to request reconsideration of the Original Order.

In her response, the spouse argued that the Administrator misconstrued Virgin Islands' law, that spousal support was not limited to one year and that the Original Order was still valid. Furthermore, the spouse opined that the Administrator had unnecessarily prolonged administration of the estate and unnecessarily incurred expenditures with the Estate's assets. The spouse's response did not raise any new allegations or issues not raised by the Motion for Declaratory Judgment.

On October 25, 2007, ten days after the response was filed, this court issued the Support Order. Among other things, this Court ordered the Administrator to pay the spouse back spousal-support in the amount of back-payments owed to her. Effectively, the Support Order affirmed that the Original Order was still valid and had never been disputed, until the Motion for Declaratory Judgment.

After the Support Order was issued, the Administrator filed his reply to the spouse's response. The reply did not make any new arguments nor did it raise any new pertinent evidence not contained in the Motion for Declaratory Judgment. The Administrator simply rehashed the argument he made in his Motion for Declaratory Judgment.

We agree with the Supreme Court's interpretation of the Administrator's 'motivations in filing the Motion for Declaratory Judgment: a desperate attempt to reverse the Original Order. *Estate of Ralph A. George*, at 275. The time for reconsidering the Original Order had passed over six years before the filing of the Motion for Declaratory Judgment and at no point was the legitimacy of the Original Order ever disputed in this Court. Thus, the Original Order was still valid at the time

---

[2] LRCi provides a party ten days to file a motion asking the Court to reconsider its order or decision. .

the Motion for Declaratory Judgment was filed and remains valid until this day. The Support Order simply confirmed the validity of the Original Order and ordered the Administrator to compensate the spouse for payments he improperly refused to pay her.

█ Despite ruling on the Motion for Declaratory Judgment before the Administrator filed his reply, this Court was and remains within its authority to issue an order or decision prior to the deadline for filing a reply or a response. LRCi 7.1(e)(3) and *Holland Constr., Inc. v. Kopko*, 2007 U.S. Dist. LEXIS 91462 (Dec. 7, 2007). Moreover, as discussed, the reply did not contain any new evidence or arguments that the Administrator had not made in his initial Motion for Declaratory Judgment. Thus, even if this Court had considered the reply, the same decision would still have been reached.

Accordingly, the Court finds that the Support Order was proper and denies the Administrator's Motion to Vacate Order Entered October 24, 2007 and for Reconsideration of Motion Regarding Spousal Support and Rent.

## III. Duration of Spousal Support

Though this Court's authority to set the duration that spousal support can be issued is not in contention in the Administrator's Motion for Reconsideration, the issue has come up frequently during this probate proceeding. This Court finds it appropriate to delineate this Court's authority in setting the amount and duration of spousal support orders so as to clarify Virgin Islands' laws.

As a matter of statutory interpretation and policy implications, this Court believes it has the authority to issue spousal support orders that persist through final distribution of the assets of the estate. For the sake of clarity, we will only use the term "spousal support orders" when discussing this court's authority, though, this discussion shall pertain to the analogous "minor children support orders," which are support awards to a decedent's minor children during the probate of the decedent's estate.

15 V.I.C. § 356 provides for the sustenance of a surviving spouse. In relevant part it provides:

A spouse shall have reasonable sustenance out of the estate for one year. 15 V.I.C. § 356. The reference to "one year" at the end of the 90 year old statute which is confusing and ambiguous. Indeed the statute, adopted

from New York's statute and enacted in the Virgin Islands in 1921, has been revised in New York since its initial incarnation. The current form of the New York statute clarifies that a spouse is not limited to sustenance for a period of one year during the probate of his or her deceased spouse[3].

Reading the older Virgin Islands Statute on its face can lead a reader to believe that support is not necessarily limited to a one year period or that it is. However, with an eye towards the clarification made in the New York version of the statute, a holistic approach towards Virgin Islands' law, and an inquiry into the meaning and purpose of support orders, the statute's ambiguity is clarified.

▇ 15 V.I.C. § 356 is located in Chapter 21 of the Code, "Support of Widow and Minor Children." It would be inappropriate to read the Section 356 on its own without understanding it as a dependent subsection of the entire chapter it resides within. The Court believes that when the pertinent subsections of Chapter 21 are read together, the law favors giving the Court discretion to set the duration of support awards up through final distribution of assets from the probated estate.

▇ Sustenance and spousal support are awarded to surviving spouses of decedents' probate proceedings so that they may maintain the lifestyle he or she enjoyed until the surviving spouse receives a distribution for the decedent's estate. C.J.S. *Executors and Administrators* §§ 344-393. The support is "the [widow's] property, to be used or expended by her in the maintenance of herself." 15 V.I.C. § 352.

▇ Judges have discretion in setting the length and amount of spousal support. Indeed, "if the property set apart . . . is insufficient for the support of the [spouse] . . . according to their circumstances and condition in life, for one year after the filing of the inventory, the court may order that the [administrator] pay to such [spouse] . . . an amount sufficient for that purpose." 15 V.I.C. § 353. Again, the reference to one year in the statute is ambiguous. Arguably the mention of one year in the provision was intended to limit spousal support to a maximum of one year. However, when reading the chapter as a whole and considering the purpose of spousal support, another interpretation of the provision is that the one year

---

[3] A [spouse] may remain in the chief house of her husband forty days after his death, whether her dower is sooner assigned to her or not, without being liable to any rent for the same; and in the meantime she may have her reasonable sustenance out of the estate of her husband. N.Y. Real Property Law § 204.

refers to a period during which the Court may *sua spurge* order or amend spousal support and not an end date beyond which a surviving spouse is left empty-handed.

 This Court is also of the opinion that aside from having the statutory authority to fashion support orders that endure beyond one year, important policy considerations also support allowing this Court flexibility in determining the length of spousal support awards. The notion that spousal support can be limited to a maximum of one year during the probate of a decedent spouse's estate is harrowing for multiple policy reasons. Such a limitation (1) denies flexibility in setting the appropriate spousal support award, or (2) may lead to impoverishing the decedent's spouse due to contests amongst heirs, creditors' claims, neglect, or other unforeseeable circumstances that may lengthen settlement of the estate.

 The Virgin Islands Code specifically empowers this Court to amend and custom tailor spousal support awards that it issues. *See* 15 V.I.C. §§ 352-356. Allowing this Court to modify spousal support orders in both amount and length is consistent with the letter of the law and important in situations in which small modifications of awards in the courtroom may have exponentially beneficial or deleterious effects on an individuals' solvency.

Finally and most importantly, holding that spousal support is limited to a term of one year can lead to an administrator taking advantage of a surviving spouse, one of the main and most frequent beneficiaries of a probate proceeding. The current proceeding is an example of a circumstance in which a spouse would suffer at the hands of the administrator of her deceased spouse's estate. The instant matter highlights the importance of allowing the Court broad discretion in crafting a support award which may last for more than one year. By all accounts, the Administrator should have been able to administer the estate in an expeditious manner. *See* Support Order at 1. However some estates, such as this one, go on for well over one year leaving the spouse waiting for her share of the distribution of her husband's Estate. The consequences of not allowing the spouse to receive spousal support during the probate of her husband's estate are clear and dire. Spousal support has been one of the spouse's main sources of income during probate of her deceased husband's Estate. To limit the duration of her spousal support to one year may have severe effects on the spouse's economic status. This is a sobering example of the importance of

maintaining this Court's flexibility in fashioning appropriate support awards.

▮ Accordingly, this Court finds that it has the authority to craft spousal support orders in amount and duration that last through final distribution of a decedent's estate.

## CONCLUSION

This Court has no reason to reconsider or vacate the support order. The support order was properly entered despite being issued before the Administrator's reply was due. Furthermore, the Administrator's reply lacked any additional arguments or evidence to warrant reconsideration of the spousal support orders.

▮ In probate proceedings, the Court is vested with broad discretion in encouraging the proceedings along towards the ultimate goal of distributing the property of the estate to the rightful beneficiaries. An additional goal of probate proceedings is to ensure that the decedent's surviving spouse and/or dependant children can maintain the standard of living the enjoyed prior to the decedent's death and during the probate of the decedent's estate. One tool the Court may utilize to ensure that such equity is achieved is to order the estate to pay spousal support and/or support to the decedent's minor children. Consistent with the Virgin Islands Code, and policy and equity considerations, this Court has the freedom to craft such support awards as it sees fit with respect to size and duration of the award. To be restrained by any other rule could leave the decedent's spouse and/or children impoverished and potentially wards of the Territory.

In light of the Estate waiving its claim for rent from the marital from the spouse, during the January, 26, 2008 hearing, it is not necessary for this Court to discuss that issue.

## ORDER OF THE COURT

**AND NOW**, consistent with the reasons outlined in the Opinion of the Court of even date, it is hereby:

(1) **ORDERED** that the Administrator's Motion to Reconsider is **DENIED**; and it is further

(2) **ORDERED** that the Estate's claim for back-rent and rent from the spouse is **WAIVED**; and it is further

(3) **ORDERED** that copies of this Order of the Court and the Opinion of the Court be distributed to Mark L. Milligan, Esq. and Samuel T. Grey, Esq.