IN THE SUPERIOR COURT



**FILED**
January 13, 2021
SX-2019-CV-00061
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| PATRICK KRALIK, | |
| PLAINTIFF, | Civil No. SX-19-CV-61 |
| v. | ACTION FOR DAMAGES |
| OSAGE STX HOLDINGS, LLC AND CHRISTIANSTED RESTORATION CORP., | JURY TRIAL DEMANDED |
| | CITE AS: 2021 VI SUPER 1P |
| DEFENDANTS. | |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Eric A. Hiller, Esq.**
**Justin King, Esq.**
Clyde & Co US LLP
Miami, Florida
*For Defendant Osage STX Holdings, LLC*

**Douglas L. Capdeville, Esq.**
Law Offices of Douglas L. Capdeville, P.C.
Christiansted, U.S. Virgin Islands
*For Defendant Christiansted Restoration Corp.*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

**THIS MATTER** came before the Court on Plaintiff Patrick Kralik's (hereinafter "Plaintiff") motion to reconsider the Court's June 22, 2020 order, filed on July 6, 2020. Defendant Osage STX Holdings, LLC (hereinafter "Defendant") filed an opposition thereto. To date, Plaintiff has not filed a reply.

## BACKGROUND

On January 13, 2020, Defendant filed a motion to compel Plaintiff to execute discovery authorizations (hereinafter "First Motion to Compel"). An opposition and a reply were filed thereafter. On March 17, 2020, Defendant filed another motion to compel discovery and compel Plaintiff to execute discovery authorizations (hereinafter "Second Motion to Compel"). An opposition and a reply were filed thereafter. Subsequently, the Court signed a memorandum opinion and order on June 22, 2020 (hereinafter "June 22, 2020 Order")[1] whereby the Court granted Defendant's First Motion to Compel and Second Motion to Compel, ordered that "Defendant is entitled to costs and fees, including attorney fees, incurred in filing and support of these two motions," ordered that "Plaintiff provide the Defendant with the properly executed releases within FIVE (5) DAYS. Delay in delivering the releases will incur sanctions in the amount of five hundred dollars ($500 00) per each day of noncompliance with this Order," and ordered that "Plaintiff will supplement discovery as indicated in the text of this document within FOURTEEN (14) DAYS." (June 22, 2020 Order, p. 6) On July 6, 2020, Plaintiff filed this instant motion for reconsideration.

## STANDARD OF REVIEW

Motions for reconsiderations are governed Rule 6-4 of Virgin Islands Rule of Civil Procedure (hereinafter "Rule 6-4"). Rule 6-4 provides that "a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court" and "[e]xtensions will only be granted for good cause shown." V.I. R. CIV. P. 6-4(a). Rule 6-4 further provides that "[a] motion to reconsider must be based on:

---

[1] The June 22, 2020 Order was entered on June 23, 2020.

(1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct

clear error of law; or (4) failure of the court to address an issue specifically raised prior to the

court's ruling" and that "[w]here ground (4) is relied upon, a party must specifically point out in

the motion for reconsideration where in the record of the proceedings the particular issue was

actually raised before the court." V.I. R. CIV. P. 6-4(b). "A motion for reconsideration '[i]s not a

vehicle for registering disagreement with the court's initial decision, for rearguing matters already

addressed by the court, or for raising arguments that could have been raised before but were not.'"

*Worldwide Flight Services v. Government of the Virgin Islands*, 51 V.I. 105, 110 (VI.

2009) (quoting *Bostic v. AT&T of the Virgin Islands*, 45 V.I. 553, 312 F. Supp. 2d 731, 733 (D.V.I.

2004)). "Generally, '[a] motion for reconsideration is not a second bite of the apple.... [Instead, it

serves] to focus the parties on the original pleadings as the 'main event' and to prevent parties

from filing a second motion with the hindsight of the [C]ourt's analysis covering issues that should

have been raised in the first set of motions.'" *Smith v. Law Offices of Karin A. Bentz, P.C.*, 2018

V.I. LEXIS 13, *15 (Super. Ct. Jan. 29, 2018) (citing to *In re Infant Sherman*, 49 V.I. 452, 457

(V.I. 2008)). In determining a motion for reconsideration, the Court should operate under "the

common understanding that reconsideration is an 'extraordinary' remedy not to be sought

reflexively or used as a substitute for appeal." *See In re Infant Sherman*, 49 V.I. at 458.

## DISCUSSION

In his motion, Plaintiff argued that "[r]econsideration is required here because the Court's

June 22, 2020 Order contains factual errors that led to the improper imposition of sanctions" and

requested the Court to "rescind its order for costs and fees and a fine of $500.00 a day." (Motion,

pp. 1, 3) Plaintiff made the following assertions in support of his motion: (i) "[I]n the first

paragraph of the order, it indicted that Plaintiff filed an additional Motion to Compel Discovery,

and authorizations on March 17, 2020. That is in error. It was Defendant who filed the duplicative motion." (Id., at p. 1); (ii) "The Court then assumes that [Defendant filed its Second Motion to Compel] because the authorizations were not produced, but as Plaintiff pointed out, and the Court has in its file, Plaintiff produced the authorizations (3) three days after their receipt on January 16, 2020."[2] (Id., at p. 2) (emphasis omitted); (iii) "The Court's Order also incorrectly stated that Plaintiff conditioned the authorizations on the signing of a Confidentiality Agreement, which was not provided until February 28, 2020. As can be seen from Exhibit "1", there was no such condition on the authorizations." (Id.) (emphasis omitted); and (iv) "[E]xcept for the Criminal Authorizations, Defendant has had authorizations fully executed since January 16, 2020. The Court's statement that these are typical authorizations in all personal injury cases is true, but for the Criminal Authorization, which usually requires some knowledge of prior criminal conduct before being required. Nonetheless, the undersigned has provided that authorization." (Id.) Plaintiff also requested the Court to "rescind its order that Plaintiff produce tax returns for ten (10) years within 14-days" because "Plaintiff does not have possession of additional tax returns and couldn't possibly get them within fourteen (14) days given the current COVID pandemic and delays at the IRB" and "Plaintiff has given Defendant a tax authorization, and Defendant can acquire these records from the IRB." (Id., at pp. 2-3)

In its opposition, Defendant argued that the Court should deny Plaintiff's motion because "there are no extraordinary circumstances warranting such relief." (Opp., p. 1) (emphasis omitted) Defendant made the following assertions in support of its argument: (i) "Plaintiff continues to deliberately violate this Court's June 22, 2020 Order as he brazenly asks the Court to reconsider

---

[2] Plaintiff referenced: Exhibit 1-A copy of Plaintiff's responses to Defendant's second request for production of documents, dated January 16, 2020.

that very Order based on an inconsequential scrivener's error." (Id.); (ii) "Plaintiff does not argue any of these enumerated factors [of Rule 6-4]. Instead, the motion is based on a harmless scrivener's error." (Id., at p. 2); (iii) The scrivener's error on the first page is "totally inconsequential and falls woefully short of satisfying his heavy burden for the 'extraordinary' relief of reconsideration."[3] (Id.) (iv) "Plaintiff incorrectly refers to Defendant's second discovery motion as "duplicative" of the first but—as recognized by the Court—Defendant's first motion filed January 13, 2020…addresses Plaintiff's failure to produce the discovery authorizations [and] Defendant's second discovery motion, filed March 17, 2020…sought to compel the authorization and to compel additional discovery to which Plaintiff failed to respond." (Id., at pp. 2-3) (emphasis omitted); (v) "The Court recognized only that in opposition to the First Motion [to Compel], 'Plaintiff's counsel argue[d] that this matter [was] moot because Defendant's counsel sent the release forms again— properly modified—on January 13, 2020 and the Plaintiff has been asked to go to Counsel's office to sign them'" and "the Court made no finding that Plaintiff provided proper authorization forms to Defendant on January 13." (Id., at p. 3); (vi) "Plaintiff misrepresents that 'there was no such condition on the authorizations' while producing exhibits that actually contain the very conditions he explicitly denies. The bottom of each of those documents, contains the same language added to the forms that Defendant presented in its Second Motion [to Compel] stating that the execution of the forms is 'CONTINGENT UPON' and 'SUBJECT TO THE CONFIDENTIALITY AGREEMENT IN THIS MATTER.'" (Id., at pp. 4-5) (emphasis omitted); (vii) "To date, Plaintiff has still not complied with this Court's order" and "remains in violation of the Order." (Id., at pp. 4, 6); (viii) As to Plaintiff's request for the Court "'to rescind its order that

---

[3] Defendant referenced: *Merchants Comm. Bank v. Oceanside Vill., Inc.*, 2019 WL 7972136, *2 (Super. Ct. Nov. 22, 2019).

Plaintiff produce tax returns'...even if Plaintiff's representation is true, the Virgin Islands Rules of Civil Procedure provide a mechanism for him to both comply with this Court's Order and the Virgin Islands Rules of Civil Procedure. That is, when a party is without sufficient information and objects on that basis, he may appropriately respond that no such documents exist and indicate that no documents are being withheld on that basis. Plaintiff has still produced no such response as provided by the Rules."[4] (Id.)

As noted above, a proper Rule 6-4 motion must rely on one of four grounds: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling." V.I. R. CIV. P. 6-4(b). In his motion, Plaintiff argued that "[r]econsideration is required here because the Court's June 22, 2020] Order contains factual errors." However, the language of Rule 6-4 clearly only provides four grounds for reconsideration and "factual errors" is not one of the four grounds. The Court finds the pertinent language of Rule 6-4 plain and unambiguous, and thereby the Court will give effect to the plain words of the rule. *See Banks of N.S. v. Dore*, 57 V.I. 105, 113-14 (Super. Ct. Oct. 19, 2012) (citing *Corraspe v. People*, 53 V.I. 470, 480-481 (V.I. 2010) ("The rules of this Court are applied using the same standards which govern the construction of statutes" and "the primary objective of the trial court is to give effect to plain words utilized in the subject rule."); *People v. Rivera*, 54 V.I. 116, 125 (Super. Ct. 2010) ("The procedural rules of courts are construed in accordance with the canons of statutory construction."); *In re People*, 49 V.I. 297, 306 (V.I. 2007)) ("We believe the pertinent language is plain and unambiguous, thereby

---

[4] Defendant referenced: V.I. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection of part of the request must specify the part and permit inspection of the request.")

dispensing with a resort to the canons of construction."). As such, Plaintiff's motion, though timely filed, failed to raise an adequate ground under Rule 6-4 for this Court to reconsider its June 22, 2020 Order and the Court will deny Plaintiff's motion.[5]

The Court must point out that the factual errors alleged by Plaintiff are either harmless error, or Plaintiff's misconstruction of the June 22, 2020 Order, or an argument that should have been raised previously but was not. First, Plaintiff asserted that the June 22, 2020 erroneously indicated that Plaintiff instead of Defendant filed the Second Motion to Compel. While the Court inadvertently stated that Plaintiff instead of Defendant filed the Second Motion to Compel on the first page of the June 22, 2020 Order, the Court correctly stated that Defendant, not Plaintiff, filed the Second Motion to Compel on the second page and the sixth page of the June 22, 2020 Order.[6] Thus, the scrivener's error on the first page was harmless. Second, Plaintiff asserted that the Court incorrectly assumed in the June 22, 2020 Order that Defendant filed the Second Motion to Compel because the authorizations were not produced, when Plaintiff had already produced the authorizations on January 16, 2020, three days after Defendant filed the First Motion to Compel. Plaintiff never indicated in her motion where such an assumption was made by the Court. Unlike what Plaintiff asserted, the Court did not assume nor make such a finding that Defendant filed the

---

[5] In his motion, Plaintiff requested the Court to "rescind its order that Plaintiff produce tax returns for ten (10) years within 14-days." However, the June 22, 2020 Order never ordered Plaintiff produce tax returns for ten (10) years within 14-days. Instead, the June 22, 2020 Order ordered Plaintiff to supplement discovery within fourteen days. Thus, even if "Plaintiff does not have possession of additional tax returns and couldn't possibly get them within fourteen (14) days given the current COVID pandemic and delays at the IRB" as claimed by Plaintiff, Plaintiff could still supplement his discovery responses pursuant Virgin Islands Rules of Civil Procedure. Defendant claimed in its opposition that Plaintiff has not supplemented his discovery responses and thereby, Plaintiff is still not compliant with the Court's June 22, 2020 Order. Plaintiff never filed a reply to dispute Defendant's claim.

[6] Page two of the June 22, 2020 Order provides, in relevant part, "The Defendant's Second Motion was filed more than a month after the Opposition and Reply were filed." (June 22, 2020 Order, p. 2)

Page six of the June 22, 2020 Order provides, in relevant part, "ORDERED that the Defendant's Motion to Compel Discovery and compel Plaintiff to Execute Discovery Authorizations is GRANTED." (Id., at p. 6)

Second Motion to Compel because the authorizations were not produced. In the June 22, 2020

Order, the Court acknowledged that the parties' positions in their respective filings—to wit,

Plaintiff's opposition to Defendant's First Motion to Compel indicated that Defendant sent

Plaintiff revised release forms and that the issue was moot, Defendant's Second Motion to Compel

indicated that "Plaintiff decided to execute the releases subject to a confidentiality agreement, but

the agreement was not provided to the Defendant until February 28, 2020."[7] Thus, there is no error

as alleged by Plaintiff. Third, Plaintiff asserted that the Court incorrectly stated that "Plaintiff

conditioned the authorizations on the signing of a Confidentiality Agreement, which was not

provided until February 28, 2020." Again, unlike what Plaintiff asserted, the Court did not assume

nor make such a finding that "Plaintiff conditioned the authorizations on the signing of a

Confidentiality Agreement, which was not provided until February 28, 2020." In the June 22, 2020

Order, the Court acknowledged that Defendant, in its Second Motion to Compel, indicated that

"Plaintiff decided to execute the releases subject to a confidentiality agreement, but the agreement

was not provided to the Defendant until February 28, 2020."[8] Thus, there is no error as alleged by

---

[7] The June 22, 2020 Order provides, in relevant part:

> **In the very brief opposition, Plaintiff's counsel argues that this matter is moot because Defendant's counsel sent the release forms again properly modified—on January 13, 2020 and the Plaintiff has been asked to go to counsel's office to sign them.** (Opp'n 1.) The releases will reportedly be sent out within thirty days, as per the request for production that they accompanied. (Id) In the Reply, the Defendant argues that the Plaintiff is still attempting to delay and that waiting an additional thirty days is unreasonable (Reply, 1-3)
>
> The Defendant's Second Motion was filed more than a month after the Opposition and Reply were filed. Therein Defendant's counsel again asserts that Plaintiff's counsel is 'stonewalling discovery' and refusing to confer (Second Mot. 1.) **According to the Defendant, the Plaintiff decided to execute the releases subject to a confidentiality agreement, but the agreement was not provided to the Defendant until February 28, 2020.** (Id., at 3.) On March 3, 2020, the Defendant informed the Plaintiff that it intends to proceed with these motions rather than sign the confidentiality agreement. (Id) This was after multiple attempts to set up a time to meet and confer between January and the end of February. (Id) On February 27, 2020 at an agreed upon time Defendant's counsel called Plaintiff's counsel to confer and was told they would have to reschedule due to unavailability. (Id., at 4) The Defendant asserts that the Plaintiff has failed to act in good faith. (Id.) (June 22, 2020 Order, pp. 2-3) (emphasis added)

[8] *See supra*, note 6.

Plaintiff. Finally, Plaintiff asserted that "[t]he Court's statement that these are typical authorizations in all personal injury cases is true, but for the Criminal Authorization, which usually requires some knowledge of prior criminal conduct before being required." It appears that Plaintiff is claiming that the Court incorrectly stated that these are typical authorizations because the criminal authorization is not.[9] However, this is an argument that could have been raised before but was not. More specifically, Plaintiff had two opportunities to raise her argument regarding the criminal authorization—in his opposition to Defendant's First Motion to Compel[10] and in his opposition to Defendant's Second Motion to Compel[11]—and Plaintiff chose not to. The Court will not let Plaintiff relitigate the issue now. As noted above, a motion for reconsideration "[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Worldwide Flight Services,* 51 V.I. at 110.

## CONCLUSION

Based on the foregoing, the Court do not discern any extraordinary or special circumstances that would have justified granting Plaintiff's motion for reconsideration. *See In re Infant Sherman,* 49 V.I. at 458 (In determining a motion for reconsideration, the Court should operate under "the common understanding that reconsideration is an 'extraordinary' remedy not

---

[9] The June 22, 2020 Order provides, in relevant part:

> The Court agrees with the Defendant that Plaintiff's counsel is stalling. Not only are these releases standard for personal injury and discoverable, but Defendant's counsel even edited them to include language requested by Plaintiff's counsel...

[10] Defendant's First Motion to Compel requested "an order compelling plaintiff to execute authorizations to disclose medical information, insurance information, income tax records, unemployment and workmen's compensation records, and **criminal records.**" (First Motion to Compel, p. 5) (emphasis added)

[11] Defendant's Second Motion to Compel requested "an order compelling plaintiff to execute authorizations to disclose medical information, insurance information, income tax records, unemployment and workmen's compensation records, and **criminal records.**" (Second Motion to Compel, p. 8) (emphasis added)

to be sought reflexively or used as a substitute for appeal."). As such, the Court will deny Plaintiff's

motion for reconsideration, filed on July 6, 2020. Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion for reconsideration, filed on July 6, 2020 is **DENIED**.

**DONE and so ORDERED this** 13th **day of January 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**