IN THE SUPERIOR COURT



**FILED**
June 24, 2021
SX-2018-CV-00217
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

| | |
|---|---|
| **GERARD CHRISTIAN,**<br><br>PLAINTIFF,<br><br>v.<br><br>**WALTER PEDERSEN, M.D. AND VIRGIN ISLANDS HOSPITAL AND HEALTH FACILITIES CORPORATION,**<br><br>DEFENDANTS. | **Civil No. SX-18-CV-217**<br><br>**ACTION FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>**CITE AS: 2021 VI SUPER 68U** |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Royette V. Russell, Esq.**
Virgin Islands Department of Justice
Kingshill, U.S. Virgin Islands
*For Defendants*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court on Defendant Walter Pedersen, M.D.'s (hereinafter "Pedersen") motion for reconsideration of the Court's June 12, 2020 order, filed on June 16, 2020. As of the date of this order, no opposition has been filed in response.

### BACKGROUND

¶ 2 On June 13, 2018, Plaintiff Gerard Christian (hereinafter "Plaintiff") filed a complaint against Pedersen and Juan Luis Hospital through the Government of the Virgin Islands (hereinafter "JLH").[1]

---

[1] A first amended complaint was subsequently filed. However, for the purpose of this memorandum opinion and order, the first amended complaint is not relevant.

¶ 3     On January 22, 2020, the Court entered an order whereby the Court granted in part and denied in part Plaintiff's motion to compel Pedersen to supplement discovery responses, filed on September 17, 2019, ordered Pedersen to supplement his responses to Interrogatory Nos. 6, 15, 16, 17, and 19 and his responses to Demand for Production No. 25 by making available for inspection or producing the requested documents, ordered Pedersen to show cause in writing why Pedersen or Pedersen's attorney, Royette Russell, Esq., should not be required to pay Plaintiff's reasonable expenses pursuant to Rule 37(a)(5) of the Virgin Islands Rules of Civil Procedure, and ordered Pedersen to comply with the order within thirty days.

¶ 4     On June 12, 2020, the Court entered an order (hereinafter "June 12, 2020 Order") whereby the Court granted Plaintiff's motion for sanctions, filed on March 13, 2020, ordered Pedersen to supplement his responses to Plaintiff's written discovery requested within five days unless he has already done so, ordered Pedersen to pay Plaintiff a sum of Four Hundred dollars in attorney's fees as the cost of Plaintiff's motion for sanctions within ten days, ordered Plaintiff to file an affidavit of costs and fees incurred in filing the original motion to compel discovery with the amount therein also awarded to Plaintiff, and ordered that additional discovery violations will result in additional sanctions, which may include striking Dr. Pederson's affirmative defenses, additional monetary penalties, or deeming the Plaintiff's allegations as admitted. In the June 12, 2020 Order, the Court explained:

> The Plaintiff requests sanctions on the grounds that on January 22, 2020, the Court ordered Defendant Pederson to supplement discovery responses and make discovery available to the Plaintiff within thirty days. Dr. Pederson was also ordered to show cause why the Plaintiff's reasonable attorney fees should not be paid because the Court had granted the Plaintiff's motion to compel discovery. However, Dr. Pederson did not comply with the Court's orders in a timely manner.
>
> In the Opposition, Dr. Pederson asserts that the matter is moot because the discovery was ready on February 22, 2020 and was not filed because he was not available

to give an original signature due to travel arrangements. As noted by the Plaintiff in the Reply, the Defendants are not exempt from obeying the orders of this Court or the Rules of Civil Procedure.

(June 12, 2020 Order)

¶ 5 On June 16, 2020, Pedersen filed this instant motion for reconsideration of the Court's June 12, 2020 Order.

## STANDARD OF REVIEW[2]

¶ 6 Motions for reconsiderations are governed by Rule 6-4 of Virgin Islands Rule of Civil Procedure (hereinafter "Rule 6-4"). Rule 6-4 provides that "a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court." V.I. R. Civ. P. 6-4(a). Rule 6-4 further provides that "[a] motion to reconsider must be based on: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling" and that "[w]here ground (4) is relied upon, a party must specifically point out in the motion for reconsideration where in the record of the proceedings the particular issue was actually raised before the court." V.I. R. CIV. P. 6-4(b); *see also, Arvidson*

---

[2] In his motion, Pedersen stated that he filed his motion for reconsideration of the Court's June 12, 2020 Order pursuant to Rule 59(e) and Rule 60(b) of the Virgin Islands Rules of Civil Procedure. Rule 59(e) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 59(e)") governs motions "to alter or amend a judgment." V.I. R. CIV. P. 59(e). Rule 60(b) of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 60(b)") governs motions to relieve "a party or its legal representative from a final judgment, order, or proceeding." V.I. R. CIV. P. 60(b). However, the Court's June 12, 2020 Order is not a judgment, a final order, nor a final judgment. The fact that Pedersen expressly evoked Rule 59(e) does not, in and of itself, cause the motion to arise pursuant to Rule 59(e) or Rule 60(b). As such, the Court finds that Rule 59(e) and Rule 60(b) are not applicable in this instance. Nevertheless, this is not a fatal error to Pedersen's motion. The Virgin Islands Supreme Court has repeatedly held "that the substance of a motion, and not its caption, shall determine under which rule that motion is construed." *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 612 (2012) (quoting *Joseph v. Bureau of Corrections*, 54 V.I. 644, 648 n.2 (V.I. 2011)); *see also, Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 928 n.1 (V.I. 2019). Based upon the substance of Pedersen's motion, the Court will construe it as a motion for reconsideration pursuant to Rule 6-4 of the Virgin Islands Rules of Civil Procedure, which provides that "[e]xcept as provided in Rules 59 and 60 relating to final orders or judgments, a party may file a motion asking the court to reconsider its order or decision..." V.I. R. CIV. P. 6-4(a).

*v. Buchar*, 72 V.I. 50, 64 (Super. Ct. Nov. 4, 2019) ("motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)").

¶ 7    "A motion for reconsideration '[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Worldwide Flight Services v. Government of the Virgin Islands*, 51 V.I. 105, 110 (VI. 2009) (quoting *Bostic v. AT&T of the Virgin Islands*, 45 V.I. 553, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)). "Generally, '[a] motion for reconsideration is not a second bite of the apple.... [Instead, it serves] to focus the parties on the original pleadings as the 'main event' and to prevent parties from filing a second motion with the hindsight of the [C]ourt's analysis covering issues that should have been raised in the first set of motions.'" *Smith v. Law Offices of Karin A. Bentz, P.C.*, 2018 V.I. LEXIS 13, *15 (Super. Ct. Jan. 29, 2018) (citing to *In re Infant Sherman*, 49 V.I. 452, 457 (V.I. 2008)). In determining a motion for reconsideration, the Court should operate under "the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *See In re Infant Sherman*, 49 V.I. at 458.

## DISCUSSION

¶ 8    In his motion, Pedersen argued that the Court should reconsider the June 12, 2020 Order sanctioning Pedersen because Pedersen had "good cause for complying with the Court order a mere five days after the deadline." (Motion, p. 1.) Pedersen made the following assertions in support of his argument: (i) "The supplementation at issue was defendant's third supplement to discovery" and "[t]he fact that the Court denied in part and granted in part plaintiff's motion to compel the discovery responses means that defendant had legitimate objections to plaintiff's discovery demands." (Id.); (ii) "Additionally, as stated in defendants response to plaintiffs motion

for sanctions the responses ordered by the Court were ready within the time limit ordered by the Court" and "[i]t is clear from defendants conduct that there was no intent to violate the Court's Order"—more specifically, "[t]he Certification of the responses establishes that defendant Pedersen signed the responses on February 20, 2020," "[t]he undersigned was not able to receive the original signature page until February 24 2020 the following workday," and "[t]hey were then emailed to the undersigned after 5 p.m. on February 21, 2020, which was a Friday." (Id., at pp. 1-2.); (iii) "The Court's thirty day deadline of February 22, 2020 fell on a Saturday and the responses were filed the following Wednesday" and "[t]hus the responses were prepared timely but filed a mere three (3) days after the deadline." (Id., at p. 2.); (iv) "The undersigned notes that the Court's docket sheet does not reflect that the responses were filed on February 27, 2020 although the Notice of Service is stamped by the Court on that date." (Id.); (v) "Most notably, plaintiff's motion for sanctions is dated February 27, 2020 the same day she was served with defendant's responses," and "[t]herefore her motion was not warranted and was rendered moot because defendant had already complied." (Id.); (vi) "Accordingly, sanction in this case is unwarranted because it is based on a single infraction for which there is a legitimate mitigating excuse."[3] (Id.); (vii) "This is so especially where defendant had supplemented discovery on two prior occasions and the conduct at issue here is neither egregious nor flagrant." (Id.); (viii) "In this case, the provision of this third supplement to discovery does no harm to the plaintiff nor the court" and "Plaintiff received these responses almost four (4) months ago and nothing has transpired in this case since then"—to wit, "[d]iscovery is still ongoing no depositions have been conducted there has been no mediation and no trial date has been scheduled by the Court." (Id.); (ix) "The award of money sanctions is also

---

[3] Pedersen referenced: *Companion Health Services v. Kurtz*, 675 F 3d 75 (1st Cir. 2012) (severe sanction inappropriate in most cases when based on one incident).

unwarranted"—to wit, "Virgin Islands courts and the Third Circuit has held that an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith."[4] (Id., at pp. 2-3.)

¶ 9     As a preliminary matter, the Court finds that Pedersen timely filed his motion for reconsideration under Rule 6-4(a). However, looking at the plain language of his motion, Pedersen had not based his argument on one of the four grounds enumerated in Rule 6-4(b). Thus, he has failed to meet his burden. *See Arvidson*, 72 V.I. at 64 ("motions for reconsideration must be based on one of the grounds delineated in Rule 6-4(b)"). Furthermore, the argument and assertions made in Pedersen's instant motion for reconsideration could have been raised before but was not. More specifically, Pedersen had two opportunities to raise his argument and assertions as to why he should not be sanctioned—first, in response to the Court's January 22, 2020 order ordering Pedersen to show cause, within thirty days of the order, in writing why Pedersen or Pedersen's attorney, Royette Russell, Esq., should not be required to pay Plaintiff's reasonable expenses pursuant to Rule 37(a)(5) of the Virgin Islands Rules of Civil Procedure[5] and second, in Pedersen's opposition to Plaintiff's motion for sanctions—and Pedersen chose not to. The Court will not let Pedersen relitigate the issue now. As noted above, a motion for reconsideration "[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Worldwide Flight Services*, 51 V.I. at 110.

---

[4] Pedersen referenced: *Melchior v. Univ. Of the V.I.*, 2016 V.I. LEXIS 56, *21 (V.I. Super. Ct. Apr. 27, 2016); *Republic of the Philippines v. Westinghouse Electric Corp.*, 43 F.3d 65, 74 n.11 (3d Cir. 1994); *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 181 (3d Cir. 2002); *Chambers v NASCO, Inc.*, 501 U.S. 32 45 46 (1991).

[5] According to the docket, Pedersen never filed anything in response to the Court's January 22, 2020 order ordering Pedersen to show cause, within thirty days of the order, in writing why Pedersen or Pedersen's attorney, Royette Russell, Esq., should not be required to pay Plaintiff's reasonable expenses pursuant to Rule 37(a)(5) of the Virgin Islands Rules of Civil Procedure, and therefore, Pedersen was not compliant with the Court's January 22, 2020 order.

¶ 10    Moreover, the Court must point out that Pedersen himself conceded in his instant motion for reconsideration that he did not timely comply with the Court's January 22, 2020 order—to wit, Pedersen acknowledged in the motion that he complied "with the Court order a mere five days after the deadline" and that the responses were "filed a mere three (3) days after the deadline." (Motion, pp. 1-2.) Regardless of whether Pedersen was three days or five days late, the fact of the matter is that Pedersen did not timely comply with the Court's January 22, 2020 order. Pedersen, rather than filing a motion for an extension of the deadline, Pedersen unilaterally determined that he had good cause to disregard the deadline set forth by the Court. Such indifference to the Court's order is simply not allowed. *See* Title 14 V.I.C. § 581 ("Every court of the Virgin Islands shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other as — ... (3) disobedience or resistance to its lawful writ, process, order, rule decree, or command."); *see also* Title 4 V.I.C. § 243(4) ("Every court shall have power:...(4) To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in all actions, or proceedings pending therein."), Title 4 V.I.C. § 244 ("Any person who wilfully violates, neglects or refuses to observe or perform any lawful order of a court shall be guilty of contempt of court and upon being found guilty of such contempt may be punished as provided by law."), Title 4 V.I.C. § 281(2) ("Every judicial officer shall have power:...(2) To compel obedience to his lawful orders..."), Title 4 V.I.C. § 282 ("For the effectual exercise of the powers conferred in the last section a judicial officer may punish for contempt in the cases and in the manner provided by law."). Thus, unlike what Pedersen argued, sanctions were warranted in this instance.

## CONCLUSION

¶ 11    Based on the foregoing, the Court will deny Pedersen's instant motion for reconsideration. Accordingly, it is hereby:

**ORDERED** that Pedersen's motion for reconsideration of the Court's June 12, 2020 Order,

filed on June 16, 2020, is **DENIED**.

**DONE and so ORDERED this** ⟨24th⟩ **day of June 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: ⟨signature⟩
Court Clerk Supervisor II

Dated: 6/24/2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**